E-FILED
Thursday, 29 May, 2008  02:17:27 PM
Clerk, U.S. District Court, ILCD

## THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONNIE D. WHITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 1311 |
| | ) | |
| EDDIE JONES, MICHAEL MELVIN, | ) | Judge Harold A. Baker |
| M.J. BLACKARD, MICHAEL EATON, | ) | |
| LT. SAMPSON, BENNY DALLAS, | ) | Magistrate Judge John A. Gorman |
| GARY KUHSE, LT. DODD, | ) | |
| C/O TANGERMAN, C/O MCBARNEY, | ) | |
| CHARLES ROPER, LT. DUBOIS, | ) | |
| DOUGLAS MASON, RICHARD STUART, | ) | |
| C/O KEMP, J. BUNDREN, | ) | |
| BRENT HUNSAKER, BONNIE SULLIVAN, | ) | |
| and MICHAEL TURNER | ) | |
| | ) | |
| Defendants | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
### REVOKE IN FORMA PAUPERIS STATUS

Plaintiff Donnie D. White (hereinafter "Mr. White"), by his attorneys, files his response to the defendants' motion to revoke in forma pauperis status.

### INTRODUCTION

Mr. White is eligible for *in forma pauperis* status, because he is an indigent prisoner who only has incurred "two strikes." As he candidly informed the Court in his complaint, he has had only two _actions_ dismissed for failure to state a claim for which relief can be granted.

In their motion, defendants try to expand the already stringent requirements of the PLRA by defining a "strike" to include *any* lawsuit in which even a *single claim* brought by the prisoner is dismissed for failure to state a claim for which relief has been granted -- even if the prisoner succeeds on the merits on each and every other claim in his complaint. This tenuous position is belied by the plain language of 28 U.S.C. § 1915 and contrary to the weight of authority. By its

plain terms, 28 U.S.C. § 1915 makes clear that a partial dismissal does not count as a strike -- so long as some of the remaining claims were allowed to proceed.    Thus, defendants' motion should be denied.

## BACKGROUND

Mr. White is a *pro se*, indigent prisoner who has filed six lawsuits over the past eight years without the assistance of counsel or legal training.  Of those lawsuits, only two have been dismissed in their entirety.  *See White v. Synder*, No. 06-C- 2851 (dismissed May 2006); *White v. Bute*, No. 00-1116 (dismissed May 2001).

The other four actions filed by Mr. White are at various procedural stages.[1]  Notably, however, all of the lawsuits have one thing in common: no court has ever found that the claims filed by Mr. White are frivolous or malicious.  A short summary of the various proceedings is below:

- *White v. Riley*, No. 03-5586 (N.D. Ill., filed Nov. 21, 2003):  On November 21, 2003, Judge Guzman dismissed the complaint *without* prejudice because plaintiff had failed to exhaust his administrative remedies.  (Ex. A.)  Mr. White later re-filed the complaint in *White v. Briley*, No. 04-5112, below.

- *White v. Stigler*, No. 04-4964 (N.D. Ill., filed July 29, 2004):  On August 6, 2004, Judge Guzman dismissed some of the allegations in the complaint either for failure to exhaust administrative remedies, or for failure to state a claim for which relief may be granted. Judge Guzman allowed the plaintiff's claims of excessive force to proceed.  On July 8, 2008, the plaintiff moved to dismiss voluntarily the remaining counts in his complaint. (Ex. B.)

- *White v. Briley*, No. 04-5112 (N.D. Ill. filed August 2, 2004):   On July 1, 2005, Judge Guzman granted summary judgment as to some of the counts in Mr. White's complaint, but allowed the rest of Mr. White's claims to proceed. (Ex. C.) As of May 29, 2008, the action is still pending. (Ex. D.)

---

[1] Defendants only discussed three of Mr. White's lawsuits in their initial motion.  *See Andrews v. King*, 398 F.3d 1113, 1115 (9th Cir. 2005).  Plaintiffs have set forth the Mr. White's recent litigation history in more detail herein, in case it would be useful to the Court.

- *White v. Hinsley*, No. 05-0594 (S.D. Ill. filed August 15, 2005): On February 27, 2007, Judge Reagan dismissed *some* of the allegations in Mr. White's complaint for "failure to state to a claim," but allowed the other counts in the lawsuit to proceed. (Ex. E.) As of May 29, 2008, the lawsuit is still pending. (Ex. F.)

Mr. White filed this lawsuit on November 19, 2007. In his complaint, Mr. White disclosed that he had already incurred two strikes from the dismissal of his complaints in *White v. Synder* and *White v. Bute*, and accurately listed the current status of his other complaints. (Ex. G, at 7-9.) On December 4, 2007, Magistrate Judge Gorman granted Mr. White's motion for *in forma pauperis status*. On March 19, 2008, this Court conducted a merits review and ordered the defendants to file a response within sixty days, pursuant to the Local Rules. Two business days before most of the defendants' answers were due,[2] defendants filed this motion.

## ARGUMENT

Defendants' assertion that Mr. White has three "strikes" under the PLRA and thus is ineligible for *in forma pauperis status* is incorrect. Defendants' entire motion is premised on one legal argument: that "the inmate incurs a strike when any claim in his complaint is determined to be frivolous, malicious, or fails to state a claim." (Mot., at 2.) Defendants cannot and do not dispute that if the Court follows the plain terms of 28 U.S.C. § 1915(g), and determines that a *pro se* prisoner only incurs a "strike" when one of his *actions* is dismissed (as opposed to a *claim*), Mr. White has only incurred two strikes.

As set forth in more detail below, the Court should refuse to adopt defendants' suggestion that a *pro se*, indigent plaintiff should be penalized with a "strike" if a single allegation in his complaint is dismissed. Defendants' position is unsupported by the plain language of the PLRA, contrary to the weight of federal authority, and fundamentally unfair.

---

[2] Answers are not due from defendants Kuhse and Samson until June 6, 2008.

Defendants' legal argument is contrary to the plain terms of the PLRA. On its face, 28 U.S.C. § 1915(g) only bars prisoners from bringing a civil action or appeal *in forma papueris* if "the prisoner has, on 3 or more prior occasions… brought an *action* or appeal in a court of the United States that was *dismissed* on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphases added). The statute does not provide that a plaintiff should be charged with a strike if the *individual claims* in the complaint are dismissed but the action itself is allowed to proceed.

Numerous courts have refused to count partial dismissals as "strikes." *See Thompson v. DEA*, 492 F.3d 428, 432 (D.C. Cir. 2007); *Lira v. Herrera*, 427 F.3d 1164, 1173 (9th Cir. 2005); *Powells v. Minnehaha County Sheriff Dep't*, 198 F.3d 711, 713 (8th Cir. 1999); *Tafari v. Hues*, 539 F. Supp. 2d 694, 700-02 (S.D.N.Y. 2008); *Johnson v. Dep't of Veteran Affairs*, No. 07-0818, 2007 WL 2460593, *2 (D.D.C. Aug. 29, 2007); *Hunter v. Knapp*, No. 07-634, 2007 WL 1576485, * 2 (S.D. Ill. May 30, 2007); *Moore v. Doan*, No. 98-2307, 1998 WL 887089, *5 (N.D. Ill. 1998). As the District of Columbia Circuit Court of Appeal noted in *Thompson*, "Section 1915(g) speaks of the dismissal of 'actions and appeals,' not 'claims.' Indeed, it would make no sense to say - where one claim within an action is dismissed for failing to state a claim and another succeeds on the merits - that the 'action' had been dismissed for failing to state a claim." 492 F.3d at 432.

The only authority cited by defendants to in distinguishable. In *Boriboune v. Berge,* 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit held that when multiple plaintiffs jointly file a suit, if the claims of one plaintiff are dismissed, a strike is incurred by every other plaintiff. The Seventh Circuit explained its holding as follows:

> The district judge's concerns about the interaction of Rule 20 and the PLRA are substantial. Joint litigation could undermine the system of financial incentives

created by the PLRA. Prisoners who could afford the filing fee (at least on the §
1915(b) installment plan) doubtless prefer joint litigation if many prisoners then
share the cost of one filing fee; prisoners who have 'struck out' under § 1915(g)
and thus must prepay all filing fees unless 'under imminent danger of serious
physical injury' may hope to tag along on a joint complaint; and litigation with
disparate parties and claims under Rule 20 may be cumbersome.

*Boriboune,* 397 F.3d at 854 (internal citations omitted). The same concerns are not present here.

Notably, the Seventh Circuit *never* has adopted the defendants' argument and issued a
strike against a plaintiff with many valid claims -- solely because one or two of those claims fail
to state a claim for which relief can be granted. Indeed, the United States District Court for the
Southern District of Illinois recently noted that "[b]ecause the specific language in § 1915(g)
suggests that courts are to issue strikes when an 'action or appeal' is dismissed, as opposed to
when a particular 'claim' in the complaint is dismissed, *this Court's practice is to issue strikes
only when an entire action is dismissed* for one of the reasons enumerated in § 1915(g)." *Hunter
v. Knapp*, No. 07-634, 2007 WL 1576485, * 2 (S.D. Ill. May 30, 2007) (emphasis added). *See
also Moore v. Doan*, No. 98-2307, 1998 WL 887089, *5 (N.D. Ill. 1998) (noting that the plaintiff
"is correct that dismissing a claim or a party from a case is not dismissing an 'action'"). *But see
Agrawal v. Lambertson*, No. 06-945, 2008 WL 818503, *8 (S.D. Ill. Mar. 24, 2008) (noting in
dicta that dismissal of all but one of the prisoner's frivolous claims counted as a strike).[3]

Adopting the defendants' position also would place too high of a burden on prisoners
seeking redress for violations of their civil rights. Even plaintiffs who retain counsel and pay
filing fees occasionally file lawsuits containing discrete claims that are dismissed for failure to
state a claim for which relief may be granted. In this circumstance, no one suggests that the case

---

[3] *Agarwal* relies on the Seventh Circuit's recent decision, holding that a single plaintiff cannot
join multiple claims in a single suit, unless the claims comply with the joinder requirements, or
arise from the same nucleus of operative facts. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.
2007). In so ruling, the Seventh Circuit did not directly address the precise issue before this
Court, and therefore *Agrawal* should not guide this Court's analysis.

was "frivolous" or "malicious." Penalizing *pro se* indigent plaintiffs for similar conduct would be unfair and prejudicial, particularly when (as here), no evidence of bad faith, malicious conduct, or frivolous litigation tactics are present.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, plaintiff Donnie D. White requests that the Court deny the defendants' motion to revoke in forma pauperis status.

Dated:  May 29, 2008                                    Respectfully submitted,


By:      /s/ Michael T. Brody
         Michael T. Brody
         Melissa L. Dickey
         JENNER & BLOCK LLP
         330 N. Wabash Ave.
         Suite 4700
         Chicago, IL 60611
         (312) 222-9350
         (312) 840-7791 (fax)

         *Counsel for Plaintiff Donnie D. White*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of May 2008, I presented the foregoing to the Clerk

of the Court for filing and uploading to the CM/ECF system which will send notification of such

filing to the following:

Heidi Hildebrand
Counsel for the Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
(217) 557-0261
217) 524-5091 (fax)
hhildebrand@atg.state.il.us

    /s/ Melissa L. Dickey
Melissa L. Dickey
JENNER & BLOCK LLP
330 N. Wabash Ave.
Suite 4700
Chicago, IL 60611
(312) 222-9350
(312) 840-7791 (fax)

*Counsel for Plaintiff Donnie D. White*

E-FILED
Thursday, 29 May, 2008  02:20:37 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzmán | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5586 | **DATE** | 12/8/03 |
| **CASE TITLE** | | Donnie White # B31317 v. Wright | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due _____ . Reply to answer brief due _____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff's second amended complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. Any pending motions are denied as moot.

*Ronald A. Guzmán*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **DEC 1 1 2003** | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| STE | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

## ORDER

Plaintiff, now incarcerated at Tamms Correctional Center has already been granted leave to proceed in forma pauperis .

Under 28 U.S.C. §1915(e)(2)(B), the court is required to review complaints filed by prisoners against officers or employees of governmental entities and dismiss any portion of the complaint it finds frivolous, malicious, or fails to state a claim upon which relief may be granted. Plaintiff complains that when he was incarcerated at Stateville Correctional Center, he refused three times to obey an order to "cuff up" after which the officers performed a "cell extraction" of him during which he alleges that they punched and kicked him while he was in handcuffs. Additionally he claims one of the defendants put him in a headlock. Further, he claims that the conditions in his "quiet cell" were unconstitutional in that he was left there naked and cold for 25 days, with no out of cell or outdoor exercise, a leaking toilet, and no cleaning supplies.

This is Plaintiff's second amended complaint. He was instructed by this court to indicate more clearly whether or not he had exhausted his administrative remedies, and to indicate more clearly which defendant he alleged was responsible for which action.

The Prison Litigation Reform Act("PLRA") provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff acknowledges in this complaint "inadequate exhaustion of remedy", and refers back to that answer in response to other exhaustion questions on the form complaint. Because there is a grievance system at the Illinois Department of Corrections, including an appeal process when a prisoner is moved from one institution to another (*See* Ill.Admin.Code Section 504.870, Direct Review by Administrative Review Board), he is not excused from the requirement to exhaust administrative procedures prior to filing a federal case. The PLRA does not condition the applicability of the exhaustion requirement on the effectiveness of the administrative remedy available in a given case. *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). Plaintiff indicates that he failed to complete this exhaustion process.

This suit is accordingly dismissed without prejudice for failure to exhaust administrative remedies. If after he exhausts his administrative remedies, plaintiff decides to file another action in regard to these claims, he should consider carefully the merits of his claims. For example, in Plaintiff's first amended complaint he names entirely different persons he claims were responsible for the use of force against him than he does in his second amended complaint. If his claims are found to be frivolous, malicious, or fail to state a claim, the action will be counted as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

If plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. If he does so, he will be liable for the $255 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If this court finds that the appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed *in forma pauperis* and pay the fee in installments, but will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3).

# Exhibit B

Minute Order Form (06/97)    Case 1:04-cv-04964    Document 4    Filed 08/06/2004    Page 1 of 2

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4964 | **DATE** | 8/6/04 |
| **CASE TITLE** | Donnie D. White (#B-31317) vs. Darrin Hunter, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    The plaintiff's motion for leave to proceed in forma pauperis [#3] is granted. The court orders the trust fund officer at the plaintiff's current place of incarceration to deduct $6.31 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Tamms Correctional Center. The plaintiff may proceed only against the defendants Davis, Stigler and Mikowski, and only on his claims of excessive force and denial of necessary medical care. The complaint is dismissed as to all other claims and defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to issue summonses for service on the defendants Davis, Stigler and Mikowski. The clerk is further directed to send the plaintiff a Notice of Availability of a Magistrate Judge and Instructions for Submitting Documents along with a copy of this order.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | **4** |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mjm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials |

U.S. DISTRICT COURT
2004 AUG -6 PM 3: 46
FILED

# ORDER

(Reserved for use by the Court)

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by subjecting him to "cruel and unusual" conditions of confinement, by using excessive force against him, by acting with deliberate indifference to his serious medical needs, and by denying him out-of-cell exercise.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $6.31. The trust fund officer at the plaintiff's current place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $150 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Fiscal Dept., and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, even accepting the plaintiff's allegations as true, the court finds that the plaintiff has no actionable claim with respect to either his placement in an allegedly unsanitary cell or of his subjection to twenty-four hour lighting. The plaintiff failed to exhaust administrative remedies in connection with those claims.

The Prison Litigation Reform Act of 1996 ("PLRA") contains a "comprehensive administrative exhaustion requirement" that states, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal on the pleadings is proper for failure to plead exhaustion of all administrative remedies. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). In the case at bar, the grievances the plaintiff has submitted as exhibits make no mention of those claims. Those claims are consequently dismissed pursuant to 42 U.S.C. § 1997e(a).

The plaintiff's claim that he was denied out-of-cell exercise must also be dismissed. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). The plaintiff complains about alleged mistreatment from July 9, 2002, through July 25, 2002, yet he waited until July 23, 2004, to file the suit. For statute of limitations purposes, the court will deem the complaint filed the date it was signed rather than the date it was actually received by the Clerk of the Court. Under the "mailbox rule," prisoner pleadings are considered filed when given to the proper prison authorities for mailing, and not when received by the district court clerk. *Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999), *relying on Houston v. Lack*, 487 U.S. 266 (1988) (both habeas cases). Thus, there is only a three-day period that is reasonable.

The Court of Appeals for this circuit has held that, generally, five hours a week of out-of-cell exercise for inmates in segregation passes constitutional muster. *See, e.g., Davenport v. DeRobertis*, 844 F.2d 1310, 1315-16 (7th Cir.), *cert. denied*, 488 U.S. 908 (1988). However, a three-day (or even a sixteen-day) lack of yard privileges is insufficient to implicate the Eighth Amendment. "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (confinement in segregation unit for four weeks). There is a significant difference between a lack of outdoor recreation and an inability to exercise. An inmate confined to the segregation unit retains the ability to improvise an exercise regimen in his cell or unit. The plaintiff's claim regarding insufficient outdoor recreation is accordingly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff may nevertheless proceed against the defendants Davis and Stigler on his claim that those officers participated in a brutal attack on July 24, 2002. While a more fully developed record may establish that their resort to force was justified, the defendants must respond to the plaintiff's allegations. [It is now too late to name the "seven unknown officers" of the "cell extraction team." In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worchel*, 618 F.2d 1225, 1230 (7th Cir. 1980).]

The plaintiff may also proceed against the defendant Mikowski, the medical technician who purportedly ignored the plaintiff's requests for medical attention after he was injured by the tactical team.

The clerk shall issue summonses forthwith. The U.S. Marshal's Service is appointed to serve the defendants Davis, Stigler and Mikowski. The Marshal will provide the plaintiff with any service forms necessary to complete in order to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is requested for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

DONNIE D. WHITE B31317 )
          PLAINTIFF )
-V- )
DARRIN HUNTER et al )
          DEFENDANTS )

**FILED**

JUL 0 8 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASE No. 04C4964

NOTICE OF FILING

TO: MRS. HEIDI HILDEBRAND
ASST. ATH. GEN
100 W. RANDOLPH ST 13th FL
CHICAGO ILL 60601

TO: U.S. DIST. CT. N. DIST. ILL.
219 S. DEARBORN ST.
CHICAGO ILL 60604

PLEASE TAKE NOTICE THAT ON 7-04-05 I SHALL FILE WITH THE CLERK OF THE U.S.
DIST. CT. N. DIST. ILL. PLAINTIFF'S ATTACHED: MOTION FOR VOLUNTARY DISMISSAL OF
ACTION. A COPY OF WHICH IS HEREBY SERVED UPON YOU.

/S/ Donnie D White
AFFIANT: D. WHITE B31317

CERTIFICATE OF SERVICE

THE UNDERSIGNED BEING FIRST DULY SWORN UPON OATH DEPOSES THAT I HAVE SERVED
A COPY OF THE FOREGOING ON EACH PARTY ABOVE BY U.S. MAIL AT THE ADDRESSES ON
THE DATE 7-04-05. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND
CORRECT.

/S/ Donnie D White

DONNIE D. WHITE B31317
TAMMS CORR CTR
200 E SUPERMAX RD
PO BOX 2000
TAMMS ILL 62988

Donnie D. White B31317 )
PLAINTIFF )

-v- )

DARRIN Hunter et al )

DEFENDANTS )

**FILED**

JUL 0 8 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASE NO. 04C4964

## MOTION FOR VOLUNTARY DISMISSAL OF ACTION

NOW COMES DONNIE D. WHITE prose PLAINTIFF IN ABOVE CAPTIONED CAUSE MOVING THIS HONORABLE COURT IN PURSUANT TO Fed. R. CIV. PROC. AND STATES AS FOLLOWS:

1. THE PLAINTIFF SEEKS TO HAVE ENTITLED ACTION VOLUNTARILY DISMISSED

2. THE PLAINTIFF REQUEST THIS DISMISSAL DUE TO LACK OF ABILITY TO ADEQUATELY AND PROFESSIONALLY PURSUE THESE CLAIMS

3. THE PLAINTIFF HAS MENTAL DISABILITIES THAT IS PLAYING A PART IN NOT ABLE TO PURSUE HIS CLAIMS AS WELL AS A LACK OF EDUCATION IN A LEGAL FIELD

4. THE PLAINTIFF DO NOT INTEND TO FURTHER BURDEN HIMSELF AND THE COURT IN TRYING TO PURSUE THIS ACTION

5. THIS MOTION IS FILED IN GOOD FAITH

WHEREFORE, THE PLAINTIFF REQUEST RESPECTIVELY THAT THIS HONORABLE COURT WILL _GRANT_ THIS VOLUNTARY DISMISSAL OF THIS ACTION UNDER Fed. R. CIV. PROC. BECAUSE THE PLAINTIFF HAVE NO FURTHER INTENTIONS ON BURDENING THE COURTS WITH HIS UNPROFESSIONAL LITIGATION SKILLS AND MENTAL DISABILITIES THAT HINDERS THE PLAINTIFF TO EQUALLY PURSUE THESE CLAIMS IF HE OWES A LICENSED ATTORNEY REPRESENTING THIS ACTION IN THIS COURT.

RESPECTFULLY SUBMITTED
x Donnie D. White

D. WHITE B31317
P.O. BOX 2000
TAMMS ILL 62988

EXECUTED ON: JULY 01, 2005
SIGN SUBSCRIBE AND SWARN TO BY CERTIFICATION
PROVISIONS OF 735 ILCS 5/1-109 (WEST LAW 2005)

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN ILLINOIS

| | | |
|---|---|---|
| DONNIE D. WHITE | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CASE NO. 04 C 5112** |
| | ) | |
| KENNETH R. BRILEY, et al. | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Donnie D. White, currently an inmate at Tamms Supermax Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, naming 32 defendants in regard to events that allegedly happened at Stateville Correctional Center from May 5, 2002, through May 30, 2002. The Clerk of the Court received White's complaint on August 2, 2004, more than two years after the alleged events.

On September 22, 2004, the court determined that after review of White's complaint and exhibits, it was unable to tell whether White had exhausted his administrative remedies. The court was unable to tell when White had completed the administrative process if he had exhausted. The court was unable to determine whether the statute of limitations should be tolled in this action if White had exhausted his administrative remedies. The court therefore directed the clerk to issue summons to Warden Briley only and directed Briley to file an answer and motion for summary judgment addressing the following issues: (1) whether or not plaintiff exhausted his administrative remedies in regard to the alleged events from May 5, 2002, through May 30, 2002, at Stateville Correctional Center; (2) whether or not plaintiff used the correct procedures in attempting to exhaust his administrative remedies; (3) if plaintiff had exhausted his administrative remedies, on what date

did he do so; and (4) if plaintiff had exhausted his administrative remedies, whether or not the statute of limitations should be tolled.

Briley filed the motion for summary judgment, and White responded. For the following reasons, the court denies Briley's motion for summary judgment as to Briley's argument that White did not exhaust his administrative remedies and grants Briley's motion as to White's claim that the alleged delay in responding to his grievance violated the Due Process Clause of the Fourteenth Amendment.

## BACKGROUND FACTS

According to Briley's Local Rule 56.1 Statement of Facts, White filed suit on August 2, 2004, alleging that defendants violated his Eighth Amendment rights by using excessive force during a cell extraction and denying him medical care for alleged injuries sustained during the cell extraction. He also claims that conditions in the cell in which he was placed for 25 days after the cell extraction violated his Eighth Amendment rights as did the denial of exercise for that period, and that delays in the grievance process violated his due process rights. (*See* Complaint.)

White's complaint alleges that he wrote grievances complaining about these issues, but never received responses at Stateville and appealed to the Administrative Review Board, which did not respond for two years. (*Id.*)

Illinois has a formal grievance procedure for inmates. (*See* Affidavits of Michelle Baggott and Sherry Hile, attached as Exhibits A and B, respectively.)

An inmate may file a grievance on a grievance form after first attempting to resolve the grievance through his counselor. The grievance officer makes a recommendation as to whether the grievance should be approved or denied and forwards the recommendation to the chief

2

administrative officer, who approves or denies the recommendation. (*Id.*)

An inmate may appeal the denial of a grievance to the Director of Illinois Department of

Corrections ("IDOC") by submitting the grievance officer's report and warden's decision within 30

days of that decision. The Administrative Review Board ("ARB") reviews the evidence and may

hold a hearing, and then makes a written recommendation on the grievance, which is approved or

denied by the Director or his designee. (*Id.*)

Issues pertaining to a facility other than the facility where the inmate is currently assigned

may be grieved directly to the ARB. (*Id.*)

An inmate may request a grievance be handled on an emergency basis by forwarding the

grievance directly to the chief administrative officer, rather than a counselor or grievance officer.

(*Id.*)

If the chief administrative officer or his designee determines that the grievance poses no

substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the

grievance is returned to the inmate with directions to follow the normal grievance process. (*Id.*)

A search of the IDOC's records was performed to locate any grievances submitted by White

regarding his allegations about the May 5, 2002, cell extraction. (*Id.*) According to White's Master

file, White was extracted from his cell on May 5, 2002, after he threw soapy water in a guard's face.

White refused orders to submit to handcuffs, so a tactical team was called to extract him. During

the cell extraction, White assaulted staff members with a 9-inch homemade knife, inflicting injuries

that required medical treatment. (*See* Disciplinary Reports attached to White's June 24, 2002,

grievance, attached as Exhibit 3 to Ms. Baggott's Affidavit.)

White was written disciplinary tickets for assault, impairment of surveillance, disobeying a

3

direct order, and damage or misuse of property. (*Id.*) White appealed the guilty findings by filing

a grievance with the ARB. The grievance complains only about the disciplinary process. There is

no mention of alleged excessive force or failure to provide medical care that are the subject of this

lawsuit. (*See* ARB Letter, attached as Exhibit 4 to Ms. Baggott's Affidavit.) The ARB denied

White's grievance on November 1, 2002. (*Id.*)

White submitted two emergency grievances regarding alleged use of force during the cell

extraction and alleged denial of medical care and conditions in the cell in which he was placed after

the extraction. Both emergency grievances were denied by the warden's office on June 27, 2002,

and White was advised to submit his grievances in the normal manner. (*See* May 30, 2002, and June

20, 2002, grievances, attached as Exhibits A and B to Ms. Baggott's Affidavit.)

There is no record of White following up by filing a grievance regarding these issues after

his emergency grievances were denied. (Baggott Affidavit, ¶ 9.) The ARB has no record of

receiving any grievance from White regarding the May 5, 2002, cell extraction or its aftermath. (*See*

Hile Affidavit.)

On the whole, White agrees with Briley's statement of facts. However, White disagrees with

the statements that there is no record that he did not follow up after his emergency grievances were

denied and that the ARB has no record of receiving any grievance from White in regard to the cell

extraction or its aftermath. White states that he filed a grievance in regard to these matters with the

correctional counselor, which was not returned. After White was transferred to another facility, he

asked his counselor to inquire about the status of this grievance. After receiving no response, White

forwarded his grievance to the ARB. (*See* Complaint at ¶ 11 and exhibits 6, 62,66, f2, f1.) White

also talked to Nancy Tucker, an ARB manager on June 17, 2004, who advised him to send her

4

another copy of the grievance and a brief reminder letter. (*See* exhibits G-2, f2, f1, and complaint at ¶ 11.)

## LEGAL STANDARD

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Lewis v. Holsum of Ft. Wayne, Inc.*, 278 F.3d 706, 709 (7th Cir. 2002) ("If the nonmoving party fails to make a sufficient showing on an essential element of her case, the moving party is entitled to judgment as a matter of law because 'a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial.'" (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In order to present a genuine issue of material fact, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587 (*citing First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

The party moving for summary judgment has the initial burden of submitting affidavits and other evidentiary material to show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. Once the moving party has sustained the initial burden, the opposing party may not rest upon the mere allegations or denials of the pleadings, but instead must come forward with specific evidence, by affidavits or as otherwise provided in Rule 56, showing that there is a genuine issue for trial. *Id.* at 324.

5

## DISCUSSION

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act ("PLRA"), is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

The Seventh Circuit addressed the issue of the procedures a prisoner must follow when using the administrative process in *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002), and stated:

> [U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem--or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner.

The internal administrative grievance system of the Illinois Department of Corrections is set out in the Illinois Administrative Code (20 Ill. Admin. Code § 504.810). Inmates must follow these procedures: (1) The inmate must first attempt to resolve the situation through his counselor; (2) If the situation remains unresolved, he may file a written grievance within 60 days after the discovery of the incident, occurrence, or problem which gives rise to the grievance. Upon completion of an investigation by the grievance officer, the conclusions, and, if necessary, recommendations, are

6

forwarded to the Chief Administrative Officer; (3) If the inmate does not believe the situation is resolved, he may appeal to the Director of the IDOC. The Administrative Review Board as the Director's designee reviews the appeal of the grievance and determines whether a hearing is necessary; (4) The Administrative Review Board forwards its decision and any recommendations to the Director or other designee, who makes a final determination.

Both parties agree that White filed two emergencies grievances, dated May 30, 2002, and June 20, 2002, respectively, in regard to these issues. Both these grievances were deemed not to be emergencies by Warden Briley on June 27, 2002.

The parties disagree as to whether White followed up and filed his grievance in the normal manner. Briley states that there is no further record of White filing a grievance through the proper channels. However, White has attached two grievances (Exhibit G-6) regarding these issues. These grievances appear to be exact duplicates of the grievances he filed as emergencies, except for the bottom portion for the Counselor's Response. On the May 30, 2002, grievance, there are two stamp dates: "Received Jun 24 2002" and "Received Aug 13 2002 Office of Inmate Issues." The counselor, L. Briick, has signed the grievance, dated it 7/22/02, and noted: "Unable to resolve at cc level. Forward to grievance office." On the June 20, 2002, grievance, there is one date stamp: "Received Jun 24 2002 Office of Inmate Issues."

Briley argues that White's next step was to submit his grievances to the grievance officer; however, there is no indication that White did so. This is the point where both the procedures for an inmate to follow when a counselor determines that the grievance cannot be resolved and what may have happened to White's grievances becomes confusing.

According to the 20 Ill.Adm.Code 504.810(a), if "an offender is unable to resolve the

7

complaint informally . . . , the individual may file a written grievance on a grievance form."

According to 504.810(b), the "grievance form shall be addressed to the Grievance Officer and shall

be deposited in the living unit mailbox or other designated repository." In the instant case, White

did more than the rules called for, that is, he submitted a written grievance to his counselor, who

determined that it could not be resolved on this level. The counselor's notation, "Forward to

grievance office," on White's grievance is ambiguous. Does this mean that the counselor was

returning the grievance to White for him to deposit in the living unit mailbox or does this mean that

the counselor was forwarding it to the Grievance Officer?[1]

In White's most recent filing, a motion for amendments to conform to the evidence, he has

attached a copy of a grievance, dated June 24, 2002, in which the counselor noted: "your copies

original attachments went to grievance office." However, this particular grievance deals with

White's disciplinary proceedings and not the grievance relating to the alleged use of excessive force,

denial of medical care, and conditions of his cell.

White has also attached a copy of a memo from a counselor at Tamms Correctional Center

who responded to White's hypothetical: "If you filed a grievance at Pontiac and I was the counselor

at Pontiac who was processing the grievance, I would finish processing the grievance and forward

the grievance to the Grievance Officer. The Grievance Officer would also process the grievance.

When the Grievance Officer finished processing the grievance, he/she would look up in the Offender

Tracking System your current location, and then forward the response via mail to your new facility."

_____

[1]Nothing in this opinion should be taken to mean that the rules regarding grievances need to be changed. The court assumes that the vast majority of complaints by inmates are resolved without a formal writing at the counselor level. The court would not want to put an onus on both inmates and counselors to require a writing from an inmate for every complaint at the counselor level.

8

White has attached a copy of the Grievance Officer's Report in regard to the grievance he filed in regard to his disciplinary hearing, and it appears that the Grievance Officer at Stateville followed the above procedure, that is, she sent the report to Pontiac, where White had been transferred.[2] However, this still does not answer the question as to what happened to the grievance White filed in regard to his allegations of excessive force, denial of medical care, and condition of his cell.

White has attached a document in which he states that after he received Counselor L. Briick's response in regard to his grievance dealing with personal property/staff conduct, he sent it to the grievance office at Pontiac on December 22, 2002. White has attached an "Administrative Review Board Return of Grievance or Correspondence," received on August 13, 2002, in which the ARB returned his grievance regarding property, staff conduct, and medical, noting that until Stateville responded to him, the ARB would not address the grievance. The rest of White's documentation are replete with letters and the like in White's efforts to find out what happened to this grievance and to have it addressed.

On August 13, 2003, White filed an action regarding these allegations, *White v. Briley*, 03 C 5586 (N.D. Ill.). The court dismissed the action without prejudice for failure to exhaust administrative remedies because White had indicated "inadequate exhaustion of remedy." White went back to the drawing board in an effort to find out what had happened to his grievance and to make every attempt to complete the grievance process.

---

[2]It appears that when an inmate does submit a written grievance to his counselor at this first stage of the grievance process, many counselors forward written grievances that cannot be resolved directly to the Grievance Officer rather than returning the written grievance to the inmate to be sent to the Grievance Officer. Whether or not this informal, time-saving procedure needs to be addressed, the court leaves to the sound discretion of IDOC. Most of the time, the instant case being a rare exception, it does not matter whether the counselor forwards the grievance to the Grievance Officer or returns it to the inmate to send to the Grievance Officer.

9

White had 60 days to file his grievance, so any grievances he filed in regard to these allegations had to have been filed at Stateville Correctional Center because he was not transferred to Pontiac until either August 1 or 13, 2002 (he gives both dates), which was more than 60 days after the alleged incidents. The confusion as to his grievance undoubtedly has arisen because White has a proclivity to file numerous grievances, letters, and the like. It is not surprising that when any organization is bombarded with a snowstorm of paper, something is likely to get lost. White would be well advised to keep his grievances short and to the point and to carefully follow all procedures in the future.

The court finds White's Exhibit G-7, the "Administrative Review Board Return of Grievance or Correspondence" persuasive in regard to his efforts to exhaust his administrative remedies. The ARB clearly informed him that they would not address the issues of property, staff conduct, and medical until Stateville had responded to his grievances. The Grievance Officer at Stateville never responded in regard to these issues, although it appears she responded to the grievances concerning White's disciplinary hearing. White's exhibits demonstrate that he attempted on every level possible to have his grievance addressed.

In *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002), the Court of Appeals held that an inmate's administrative remedies are deemed exhausted when prison officials fail to respond to his grievances, thus making the administrative remedies unavailable. The court emphasized that it refused "to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.' *Goodman v. Carter*, No-2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)."

The court accordingly deems White to have exhausted his administrative remedies.

10

The next question is whether this action is barred by the statute of limitations. The statute of limitations for § 1983 actions arising in Illinois is two years. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). However, the time spent in exhausting administrative remedies is tolled for purposes of limitations on filing a federal complaint. *See Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001) (holding that "in the ordinary case, a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process"). In the instant case, White filed his first case regarding these claims within the statute of limitations; however, this court directed him to exhaust his administrative remedies. Whether or not this court should have deemed his administrative remedies exhausted then is not important now. What is important is that White has attempted assiduously to find out what happened to the grievance he filed in regard to these alleged events and to have his grievance acted upon.

The court therefore determines that the statute of limitations is tolled.

Briley also argues that the alleged delays in responding to White's grievances does not violate due process. The Illinois prison grievance procedure is a procedural right only and does not give rise to a protected liberty interest requiring the procedural safeguards of the Fourteenth Amendment. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Quinlan v. Fairman*, 663 F.Supp. 24, 27 (N.D.Ill. 1987); *Bell v. Lane*, 657 F.Supp. 815, 817 (N.D.Ill. 1987); *Woodall v. Partilla*, 581 F.Supp. 1066, 1076 (N.D.Ill. 1984); *Azeez v. DeRobertis*, 568 F.Supp. 8, 9 (N.D.Ill. 1982). Because White has no protected liberty interest in the grievance process, the court grants Briley's motion for

11

summary judgment and dismisses this claim. Defendants Nancy S. Tucker and Carmen Ruffin are

dismissed from this action.

## CONCLUSION

For the foregoing reasons, the court denies Briley's motion for summary judgment as to

Briley's argument that White did not exhaust his administrative remedies and grants Briley's motion

as to White's claim that the alleged delay in responding to his grievance violated the Due Process

Clause of the Fourteenth Amendment. The clerk is directed to issue summonses to defendants Mote,

Catchings, Hunter, Hoiser, Morgan, Vandiver, Shan, Agiven, Peto, Edwards, Wright, Harris, Martin,

Sawyer, King, Calmes, Bell, Baldwin, Turner, Thompson, Artl, Lankiston, Sermon, Grubbs, Briik,

Schonaur, Tilden, Adams, and Danny. The court grants White's motion for amendments to conform

to the evidence. The court denies White's motion for discovery of all court records and tangible

documents pertaining to above entitled cause of action. *In forma pauperis* status does not entitle a

plaintiff to copies of documents. White may obtain copies by writing the Certified Copies Desk at

the Clerk's Office. The Certified Copies Desk will inform White what the procedure is for obtaining

copies and what the total cost will be.

**SO ORDERED**                    **ENTERED:**   *7/1/05*

*Ronald A. Guzmán*

**HON. RONALD A. GUZMÁN**

**United States District Judge**

# Exhibit D

APPEAL, MASON, PC

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:04-cv-05112

White v. Briley, et al
Assigned to: Hon. Ronald A. Guzman
Demand: $0
Case in other court: 06-03220
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/22/2004
Jury Demand: Defendant
Nature of Suit: 555 Civil Rights (Prison Condition)
Jurisdiction: Federal Question

### Plaintiff

**Donnie D White**     represented by    **Donnie D White**
B-31317
Tamms - CMAX
P.O. Box 2000
Tamms, IL 62988
PRO SE

**Notices to Prisoner Correspondence**
.
Email:
Prison1_ILND@ilnd.uscourts.gov
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Kenneth R Briley**     represented by    **Andrew William Lambertson**
Illinois Attorney General's Office
100 West Randolph Street
13th Floor
Chicago, IL 60601
(312)814-1187
Email: alambertson@atg.state.il.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
Office of the Attorney General
100 West Randolph Street
13th Floor
Chicago, IL 60601
(312) 814-4417
Email: hhildebrand@atg.state.il.us

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
Illinois Department of Corrections
100 West Randolph Street
4-200
Chicago, IL 60601
(312) 793-3017
*ATTORNEY TO BE NOTICED*

**Ronald Anthony Rascia**
Illinois Attorney General's Office
100 West Randolph Street
13th Floor
Chicago, IL 60601
(312)814-3313
Email: rrascia@atg.state.il.us
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Defendant** | | |
| **Stephen D Mote** | represented by | **Andrew William Lambertson** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Defendant** | | |
| **Catchings** | represented by | **Andrew William Lambertson** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Darrin R Hunter**                          represented by   **Andrew William Lambertson**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Heidi J Hildebrand**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **IDOC Chief of Legal Services**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Hosey**                                    represented by   **Andrew William Lambertson**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Heidi J Hildebrand**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **IDOC Chief of Legal Services**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**K Morgan**                                 represented by   **Andrew William Lambertson**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Heidi J Hildebrand**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **IDOC Chief of Legal Services**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Vandiver**                                 represented by   **Andrew William Lambertson**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shaw**                                   represented by   **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Agnew**                                  represented by   **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Peto**                                   represented by   **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Edwards**                          represented by   **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Wright**                           represented by   **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Harris**                           represented by   **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Phillip Martin**                              represented by **Andrew William Lambertson**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Heidi J Hildebrand**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **IDOC Chief of Legal Services**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Defendant**
**Jeffrey Sawyer**                              represented by **Andrew William Lambertson**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Heidi J Hildebrand**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **IDOC Chief of Legal Services**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Defendant**
**King**                                        represented by **Andrew William Lambertson**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Heidi J Hildebrand**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **IDOC Chief of Legal Services**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Defendant**
**Calmes**                                      represented by **Andrew William Lambertson**
                                                (See above for address)
                                                *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nancy S Tucker**                            represented by   **IDOC Chief of Legal Services**
*TERMINATED: 07/01/2005*                                      (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Bell**                                      represented by   **Andrew William Lambertson**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Heidi J Hildebrand**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **IDOC Chief of Legal Services**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Edmund Baldwin**                            represented by   **Andrew William Lambertson**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Heidi J Hildebrand**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **IDOC Chief of Legal Services**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Turner**                                    represented by   **Andrew William Lambertson**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*

CM/ECF LIVE, Ver 3.1 - U.S. District Court, Northern Illinois

*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thompson**                          represented by **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel P Artl**                     represented by **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Adenale J Langston**                represented by **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Anthony Selmon**                    represented by   **Andrew William Lambertson**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Heidi J Hildebrand**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **IDOC Chief of Legal Services**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**
**Shawnnell A Grubbs**                represented by   **Andrew William Lambertson**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Heidi J Hildebrand**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **IDOC Chief of Legal Services**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**
**Louie Briik**                       represented by   **Andrew William Lambertson**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Heidi J Hildebrand**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **IDOC Chief of Legal Services**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**
**Georgia Schonaur**      represented by   **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi J Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Carmen Ruffin**      represented by   **IDOC Chief of Legal Services**
*et al*                                         (See above for address)
*TERMINATED: 07/01/2005*           *ATTORNEY TO BE NOTICED*

**Defendant**
**Dr Tilden**      represented by   **David H. Schroeder**
Charysh & Schroeder, Ltd.
33 North Dearborn Street
Suite 1300
Chicago, IL 60602
(312) 372-8338
Email: dschroeder@cslaw-chicago.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher E Walter**
Charysh & Schroeder, Ltd.
33 North Dearborn Street
Suite 1300
Chicago, IL 60602
(312) 372-8338
Email: cwalter@cslaw-chicago.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**John Adams, Jr**      represented by   **Andrew William Lambertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Heidi J Hildebrand
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ms Danny**                                    represented by   **IDOC Chief of Legal Services**
*Sued in their personal and individual*                          (See above for address)
*capacity in this action*                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Danielle Taylor**                            represented by   **Andrew William Lambertson**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Heidi J Hildebrand**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/2004 | 1 | RECEIVED COMPLAINT with 32 copies. (gma) (Entered: 08/03/2004) |
| 08/02/2004 | 3 | APPLICATION by plaintiff to proceed without prepayment of fees and affidavit (Attachments). (gma) (Entered: 08/03/2004) |
| 08/03/2004 | 2 | CIVIL cover sheet. (gma) (Entered: 08/03/2004) |
| 08/03/2004 | 4 | MOTION by plaintiff for appointment of counsel for the plaintiff (Attachments); Memorandum of law in the support; Affidavit in support; Notice. (gma) (Entered: 08/03/2004) |
| 08/03/2004 | | FORWARDED complete case file to Prisoner Correspondence. (gma) (Entered: 08/03/2004) |
| 08/05/2004 | 5 | MOTION by plaintiff for reconsideration to file civil complaint ; Memorandum of law in support; Affidavit in support; Notice. (gma) (Entered: 08/06/2004) |
| 09/22/2004 | 6 | MINUTE ORDER of 9/22/04 by Hon. Ronald A. Guzman: Plaintiff's motion for leave to file in forma pauperis is granted [3-1]. The initial partial filing fee is waived. The court orders the trust fund officer at plaintiff's current place of incarceration to collect monthly payments from plaintiff's trust fund account in accordance with this order. The |

| | | |
|---|---|---|
| 03/21/2008 | [342](#) | RESPONSE by plaintiff Donnie D White to defendant's response to plaintiffs response in opposition to defendant's motion for summary judgment; Notice. (mjc, ) (Entered: 03/25/2008) |
| 03/27/2008 | [343](#) | MEMORANDUM of Law by Donnie D White in support of plaintiff's response in opposition to defendants motion for summary judgment [342](#) . (mjc, ) (Entered: 04/01/2008) |
| 03/27/2008 | [344](#) | STATEMENT by Donnie D White of Facts Local Rule 56.1(a)(1) filing. (mjc, ) (Entered: 04/01/2008) |
| 03/27/2008 | [345](#) | DECLARATION by plaintiff Donnie D White in support of plaintiffs response in opposition to defendants motion for summary judgment [342](#) . (Poor Quality Original - Paper Document on File.) (mjc, ) (Entered: 04/01/2008) |
| 03/27/2008 | [346](#) | RESPONSE by plaintiff Donnie D White in opposition to defendants motion for summary judgment [277](#) ; Notice. (mjc, ) (Entered: 04/01/2008) |
| 03/27/2008 | [347](#) | SECOND AFFIDAVIT of by Donnie D White in support of his response in opposition to defendant Tilden's motion for summary judgment [277](#) ; Notice. (mjc, ) (Entered: 04/01/2008) |
| 03/27/2008 | [348](#) | AFFIDAVIT of Donnie D. White. (mjc, ) (Entered: 04/01/2008) |
| 04/04/2008 | 349 | TRANSCRIPT of Proceedings before Judge Honorable Ronald A. Guzman held on 4/24/07 (Volumes 1). (gcy, ) Modified on 4/9/2008 (gcy, ). (Entered: 04/09/2008) |
| 04/14/2008 | [350](#) | REPLY by Agnew, Peto, Edwards, Wright, Harris, Phillip Martin, Jeffrey Sawyer, King, Calmes, Bell, Edmund Baldwin, Turner, Thompson, Daniel P Artl, Adenale J Langston, Anthony Selmon, Shawnnell A Grubbs, Louie Briik, Georgia Schonaur, Kenneth R Briley, John Adams, Jr, Stephen D Mote, Catchings, Darrin R Hunter, Hosey, Danielle Taylor, K Morgan, Vandiver, Shaw to response to motion [346](#) (Lambertson, Andrew) (Entered: 04/14/2008) |
| 04/14/2008 | [351](#) | NOTICE by Agnew, Peto, Edwards, Wright, Harris, Phillip Martin, Jeffrey Sawyer, King, Calmes, Bell, Edmund Baldwin, Turner, Thompson, Daniel P Artl, Adenale J Langston, Anthony Selmon, Shawnnell A Grubbs, Louie Briik, Georgia Schonaur, Kenneth R Briley, John Adams, Jr, Stephen D Mote, Catchings, Darrin R Hunter, Hosey, Danielle Taylor, K Morgan, Vandiver, Shaw re reply to response to motion, [350](#) (Lambertson, Andrew) (Entered: 04/14/2008) |
| 04/28/2008 | [352](#) | RESPONSE by plaintiff Donnie D White to defendants response to plaintiffs response in opposition to defendants motion for summary judgment [342](#) ; Notice. (mjc, ) (Entered: 05/01/2008) |

# Exhibit E

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONNIE WHITE, Inmate #B31317,    )
                            )
            **Plaintiff,**       )
                            )
**vs.**                          )     **CIVIL NO. 05-594-MJR**
                            )
**CHARLES L. HINSLEY,** *et al.,*    )
                            )
           **Defendants.**    )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis,* and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the ***amended complaint*** (Doc. 32) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Upon careful review of the amended complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A;

portions of this action are subject to summary dismissal for failure to state a claim.

At the end of the lengthy amended complaint, Plaintiff states seven counts that do not clearly correspond to the factual allegations and legal claims presented in the body of the complaint. The Court is, therefore, somewhat perplexed at Plaintiff's intentions regarding organization. The Court concludes, however, that Plaintiff's factual allegations are organized in a way that more accurately expresses the legal claims arising from the stated facts than do the counts listed at the end of the complaint. Therefore, the Court will not use those counts as described by Plaintiff at the end of the amended complaint (Doc. 32), and will instead use the framework described below, which is based on the legal claims stated in paragraphs 65-111, and 116-123 of the amended complaint.[1]

Therefore, to facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* amended complaint (Doc. 32) into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

COUNT 1:    Against unspecified defendants for unconstitutional conditions at Tamms.

COUNT 2:    Against Defendants Clover, Walton, Newell, Turner, Crippen, Sherrard, Plott, Hawkins, Blankenship, and Bennefield, for unconstitutional use of excessive force and sexual assault.

COUNT 3:    Against Defendants Hill, Walker, Nance, Fornear, Allen, Powers, Clover, and Chandra, for failure to report the alleged sexual assault.

COUNT 4:    Against Defendants Plott, Rice, Caliper, and Powers, for intentionally

---

[1]In the analysis of each count, the Court lists parenthetically the paragraph numbers in the complaint where the underlying claims may be found.

- 2 -

exposing Plaintiff to Hepatitis C.

**COUNT 5:** Against unspecified defendants for unsanitary conditions of confinement.

**COUNT 6:** Against Defendants Smith, Massey, Childers, Watkins, Hudson, Mason, Vicks, and Bernard for unconstitutional use of excessive force.

**COUNT 7:** Against Defendants Smith, Bennefield, and Roper for failing to intervene to protect Plaintiff from unconstitutional use of excessive force.

**COUNT 8:** Against Defendants Simmons, Smith, Simpson, Bennefield, and Roper for deliberate indifference to Plaintiff's serious medical needs.

**COUNT 9:** Against Defendants Leslie and Swink for deliberate indifference to Plaintiff's serious medical needs.

**COUNT 10:** Against Defendants Rhodes, Chandra, Stevens, Clover, Couch, Peppers, and Kwasniewski for deliberate indifference to his serious mental health needs.

**COUNT 11:** Against Defendants Bennefield, Blankenship, Montgomery, Frey, Hinsley, Jones, Jackson, and Branche for violations of due process in forcing Plaintiff to wear a "spit hood."

**COUNT 12:** Against Defendants Martin, Ivy, and Mitchell for unconstitutional retaliation.

**COUNT 13:** Against unspecified defendants for transferring him to Tamms without due process.

**COUNT 14:** Against Defendants Osman, Hosch, and Bonifield for denial of access to courts.

**COUNT 15:** Against unspecified defendants for violations of the Americans with Disabilities Act.

**COUNT 16:** Against unspecified defendants for violations of the Rehabilitation Act.

## COUNT 1

Plaintiff begins his statement of facts with a number of very general allegations about the conditions at Tamms Correctional Center. Plaintiff states that the harsh conditions at Tamms, the highest security institution in the state of Illinois, are harmful to mentally ill inmates. Furthermore,

- 3 -

the policies at Tamms are not designed to help mentally inmates progress in their behavioral development, but actually make their behavior worse. Many mentally ill inmates at Tamms do not receive mental health treatment and they are not transferred out of Tamms for mental health treatment, even when it is clear that they have decompensated psychologically. (¶¶ 65-84.)

All allegations listed in these paragraphs are far too general to state any claims under section 1983 because they do not indicate that Plaintiff, personally, was deprived of any constitutional right by a specific defendant acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988). Furthermore, a plaintiff lacks standing in a section 1983 action where he alleges that inmates generally are treated in contravention to the constitution, but not that plaintiff himself was so treated. *See Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996). Accordingly, Plaintiff has failed to state a claim under section 1983 on these general factual allegations; Count 1 is therefore **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 2

Plaintiff states that on April 21, 2004, Defendant Blankenship brought Plaintiff a lunch tray with a blue dot on it. Plaintiff had received a number of food trays with blue dots on them, and Plaintiff considered this blue dot to be evidence of food tampering by unspecified prison employees. Plaintiff began self-mutilating in an attempt to receive a housing change so that he would not continue to receive trays with a blue dot. Plaintiff refused to be examined by the unit nurse (Defendant Swink), so he was taken to see Defendant Powers in the health care unit, who ordered that Plaintiff be placed in restraints. Defendants Clover, Walton, Newell, Turner, and Crippen escorted Plaintiff to the restraint cell. While they were restraining him, Defendant Bennefield painfully twisted Plaintiff's hand, when Plaintiff asked him to stop, a "tussel [sic] broke out," and

Plaintiff had to be wrestled to the floor. Three additional officers (Defendants Sherrard, Plott, and Hawkins) were summoned to assist in restraining Plaintiff. Plaintiff states that while all of these officers were forcefully trying to restrain him, Defendant Bennefield "rammed his finger into Plaintiff['s] anus," sexually assaulting him. Defendants Blankenship, Newell, Plott, Crippen Jr., Hawkins, and Turner covered up the sexual assault by claiming that physical force was necessary because Plaintiff had spit on them. (¶¶ 89-90.)

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment, and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on these legal standards, the Court cannot dismiss Plaintiff's claim of improper use of excessive force. Accordingly, Plaintiff may proceed on Count 2 against Defendants Clover, Walton, Newell, Turner, Crippen, Sherrard, Plott, Hawkins, Blankenship, and Bennefield.

- 5 -

COUNT 3

Plaintiff states that Defendants Hill, Walker, Nance, Fornear, Allen, Powers, Clover, and

Chandra, failed to report the sexual assault by Defendant Bennefield, in violation of the Eighth and

Fourteenth Amendments. (¶¶ 91-92.)

The Court knows of no federal reporting requirement regarding documentation of sexual

assault of prisoners. If such a requirement exists it is a creature of state law. "The federal

government is not the enforcer of state law." *Pasiewicz v. Lake County Forest Preserve Dist.*, 270

F.3d 520, 526 (7th Cir. 2001). Thus, such a claim is not cognizable under section 1983, which

provides a cause of action for violations of rights secured by the constitution and federal law by state

actors. *See West v. Atkins*, 487 U.S. 42, 49 (1988). Plaintiff's creative argument that the failure to

document his alleged sexual assault constituted deliberate indifference to his serious medical needs

fails because he has not stated a medical need.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of

prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).

> A "serious" medical need is one that has been diagnosed by a physician as mandating
> treatment or one that is so obvious that even a lay person would easily recognize the
> necessity for a doctor's attention. *Laaman v. Helgemoe*, 437 F.Supp. 269, 311
> (D.N.H. 1977). *See, e.g., Mahan v. Plymouth County House of Corrections*, 64 F.3d
> 14, 18 (1st Cir. 1995); *Monmouth County Correction Institution Inmates v. Lanzaro*,
> 834 F.2d 326, 347 (3rd Cir. 1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1731, 100
> L.Ed.2d 195; *Sheldon v. Penzley*, 49 F.3d 1312, 1316 (8th Cir. 1995); *Riddle v.*
> *Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996); *Hill v. DeKalb Regional Youth*
> *Detention Ctr.*, 40 F.3d 1176, 1186 (8th Cir. 1994). Similarly, the Ninth Circuit
> regards a medical condition to be "serious" where "the failure to treat a prisoner's
> condition could result in further significant injury or the 'unnecessary and wanton
> infliction of pain,'" *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (quoting
> *Estelle*), and considers the following to be indications that a prisoner has a serious
> medical need: "The existence of an injury that a reasonable doctor or patient would

- 6 -

find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-1060. We find these approaches to defining "seriousness" in the Eighth Amendment medical care context to be both sensible and workable, and shall therefore apply them here.

*Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Id.*

Plaintiff alleges no injury that required treatment, therefore he has not stated a medical need, nor an Eighth Amendment claim. Accordingly, Count 3 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 4

Plaintiff states that Defendant Plott intentionally placed a "spit hood" into Plaintiff's mouth that contained saliva of an inmate known to be infected with Hepatitis C, thus exposing him to the disease in violation of the Eight Amendment. Further, Plaintiff was placed into a cell that had previously been occupied by this Hepatitis C infected inmate who had smeared blood and feces on the walls. Plaintiff states that blood was smeared inside the chuckhole, so that when Defendant Rice held an open wound on Plaintiff's arm against the chuckhole, he intentionally exposed Plaintiff to Hepatitis C in violation of the Eighth Amendment. Plaintiff states that he was further harmed when his requests for Hepatitis testing were denied by Defendants Caliper and Powers. (¶¶ 93-94.)

- 7 -

Allegations that a prison official knowingly exposed an inmate to an infectious disease that might cause him future harm does state a claim of deliberate indifference to a serious medical need. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Accordingly, Count 4 cannot be dismissed at this point in the litigation, and Plaintiff may proceed against Defendants Plott, Rice, Caliper, and Powers on this count.

## COUNT 5

Plaintiff states that the conditions of the cell itself–the walls, ceiling, and bunk being smeared with the blood and feces of an inmate infected with Hepatitis C–constituted cruel and unusual punishment because of the high risk that Plaintiff might contract Hepatitis C. (¶¶ 95-96.)

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County,* 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id.* The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes,* 452 U.S. at 347; *accord Jamison-Bey v. Thieret,* 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner,* 821 F.2d 408, 416 (7th Cir 1987).

- 8 -

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22. It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

Regardless of whether Plaintiff has described conditions that might violate the Eighth Amendment, he has failed to state a claim because he has not named any defendants personally responsible for exposing him to these conditions, and therefore cannot show deliberate indifference. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v.*

- 9 -

*Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff has named a total of 61 defendants in the caption of the complaint. Plaintiff's allegations under this count, however, are insufficient to state a claim against any of them because he has not named any personally responsible for placing him in that cell. See *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right' "). Although Plaintiff was warned repeatedly regarding the necessity of associating specific defendants with specific claims (see Docs. 22, 25, and 28), he still failed to make the necessary connections under this count, to his own detriment. Accordingly, Count 5 is **DISMISSED** without prejudice. See 28 U.S.C. § 1915A.

COUNT 6

Plaintiff states that later in the day, Defendants Smith, Massey, Childers, Watkins, Hudson, Mason, Vicks, and Bernard, without giving Plaintiff the opportunity to "cuff up," used two cans of pepper spray upon him, then entered his cell, and beat and punched him, and hit him with a baton. (¶¶ 97-98.)

As stated above in Count 2, the intentional use of excessive force by prison guards against

- 10 -

an inmate without penological justification constitutes cruel and unusual punishment in violation

of the Eighth Amendment, and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S.

1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Therefore, Plaintiff may proceed

on the excessive force claim in Count 6 against Defendants Smith, Massey, Childers, Watkins,

Hudson, Mason, Vicks, and Bernard.

## COUNT 7

Plaintiff asserts that Defendants Smith, Bennefield, and Roper could hear him yelling during

the use of excessive force described in Count 6, but did nothing to stop the beating, in violation of

the Eighth Amendment. (¶¶ 97-98.) The Seventh Circuit has examined this argument as it pertains

to police officers who fail to intervene when a fellow officer exceeds his authority, and they stated:

> We believe it is clear that one who is given the badge of authority of
> a police officer may not ignore the duty imposed by his office and fail
> to stop other officers who summarily punish a third person in his
> presence or otherwise within his knowledge. That responsibility
> obviously obtains when the nonfeasor is a supervisory officer to
> whose direction misfeasor officers are committed. So, too, the same
> responsibility must exist as to nonsupervisory officers who are
> present at the scene of such summary punishment, for to hold
> otherwise would be to insulate nonsupervisory officers from liability
> for reasonably foreseeable consequences of the neglect of their duty
> to enforce the laws and preserve the peace.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Village of East Hazel Crest*, 110

F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases);

*Archie v. City of Racine*, 826 F,2d 480, 491 (7th Cir. 1987). Based on these legal standards,

Plaintiff's claim against Defendants Smith, Bennefield, and Roper in Count 7 cannot be dismissed

at this point in the litigation.

## COUNT 8

Plaintiff alleges that the pepper spray used during the incident described in Count 6 caused intense burning sensations in his eyes and on his body, but Defendants Simmons, Smith, Simpson, Bennefield, and Roper would not allow him to take a shower to wash off the chemical agent, in deliberate indifference to his serious medical needs. Defendant Simmons specifically denied him any medical treatment for injuries sustained in the alleged beating, then intentionally falsified records to indicate that Plaintiff refused treatment. (¶¶ 97-98.)

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth

Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed
> to act believing that harm actually would befall an inmate;  it is enough that the
> official acted or failed to act despite his knowledge of a substantial risk of serious
> harm.... Whether a prison official had the requisite knowledge of a substantial risk
> is a question of fact subject to demonstration in the usual ways, including inference
> from circumstantial evidence, ... and a factfinder may conclude that a prison official
> knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the

denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent

error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth

Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only
> if the prison official named as defendant is deliberately indifferent to the prisoner's
> health – that is, only if he 'knows of and disregards an excessive risk to inmate
> health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*,

82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical

risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough

proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer*

mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended

the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630,

641 (7th Cir. 1996).

Based on these legal standards and Plaintiff factual allegations, Count 8 cannot be dismissed

at this point in the litigation.  Plaintiff may proceed on this count against Defendants Simmons,

- 13 -

Smith, Simpson, Bennefield, and Roper.

### COUNT 9

A week after the incidents described in the previous counts, Plaintiff saw Defendant Leslie on nurse sick call for a rash on his face, which Plaintiff believed was caused by the unsanitary spit hood he had been forced to wear. He requested that Defendant Leslie document Plaintiff's belief that the spit hood caused the rash, but she did not. Plaintiff later saw Defendant Swink on another nurse sick call for headaches, toothaches, and back pain as a result of the assaults described above. She gave Plaintiff Motrin for two days, but denied his requests for more Motrin because Plaintiff had stopped complaining to the nurses about his head and back pain. Plaintiff argues that the failure to document his belief regarding the source of the rash, and the denial of Motrin after two days of treatment was deliberate indifference to a serious medical need. (¶¶ 99-100.)

Based on the legal standards described in Count 8, above, Plaintiff has failed to state a claim of deliberate indifference because he has not alleged that these defendants possessed the requisite culpable state of mind. Furthermore, Plaintiff was given Motrin for two days. That he wished that he could have received the medication longer does not state a claim, because mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Accordingly, Count 9 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 10

Plaintiff states that Defendants Rhodes, Chandra, Stevens, Clover, Couch, Peppers, and Kwasniewski falsified his mental health records in an effort to keep him housed at Tamms. These defendants continue to indicate that Plaintiff does not have a mental illness, but merely a behavior

- 14 -

problem, despite a prior diagnosis of "impulse control disorder" and past treatment with Thorazine.

He states that since his incarceration at Tamms, he has regressed psychologically.  Furthermore, the

conditions at Tamms have caused Plaintiff psychological trauma.  Plaintiff states that these

Defendants have acted with deliberate indifference to his serious mental health needs. (¶¶ 101-102.)

> Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S.Ct. 1970.  "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).  The Seventh Circuit has found that "the

need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at

734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).  *See also Gibson v. County of Washoe, Nev.*,

290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's

decisions to remove patient from medication and to restore the medication without Lithium

constitutes deliberate indifference to patient's psychiatric condition).

Plaintiff has submitted approximately 450 pages of his mental health records spanning more

than five years prior to the filing of the complaint (Doc. 10).  These records indicate that Plaintiff

has received frequent treatment by mental health staff at Tamms, both at times of crisis and in

ongoing therapy, which was stopped in 2005, not because Defendants believed Plaintiff did not have

mental health needs, but because Plaintiff began refusing to attend.  Taken together, these records

indicate that Defendants recognize the seriousness of Plaintiff's mental health needs, and have

responded appropriately with counseling and frequent evaluation.  This is not deliberate

indifference. That Plaintiff wishes his treatment were different is of no consequence. As stated above, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes*, 95 F.3d at 591. Accordingly, Plaintiff has failed to state a claim of deliberate indifference to his serious mental health needs. Count 10 is therefore **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 11

Plaintiff states that Defendants Bennefield and Blankenship lied and reported that Plaintiff spit on them as justification for their use of excessive force described in Count 2. Also as a result of their fabrication, Plaintiff is forced to wear a "spit hood." Plaintiff states specifically that Defendant Montgomery threatens to make him wear the spit hood, despite his not having spit on anyone. Defendant Montgomery's harassment and threats have caused Plaintiff humiliation, emotional distress, and anguish. Plaintiff also states that the charges against him for spitting at the guards were dropped and therefore he also should have been removed from "spit hood" status. Plaintiff alleges that Defendants Montgomery, Frey, Hinsley, Jones, Jackson, and Branche knew that the charges had been expunged, yet did nothing to remove Plaintiff from spit hood status. Plaintiff claims that being threatened with a spit hood violates his due process rights under the Fourteenth Amendment. (¶¶ 103-104.)

According to exhibits Plaintiff himself submitted with the initial complaint, Plaintiff has been forced to wear the spit hood, not because of the incident described in Count 2, but because he has frequently threatened to spit on medical and mental health personnel.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must

- 16 -

show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in restrictions on his confinement that impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Wearing a spit hood is a bodily restraint similar to handcuffs or shackles. It is well settled that being forced to wear handcuffs or being shackled as a disciplinary measure does not impose an atypical and significant hardship in relation to the "ordinary incidents" of confinement. *See Thielman v. Leean*, 282 F.3d 478, 483-84 (7th Cir. 2002) (use of handcuffs, leg chains, and waist belt not atypical and significant hardship in relation to confinement under *Sandin*); *Key v. McKinney*, 176 F.3d 1083, 1086-87 (8th Cir. 1999) (being shackled for 24 hours does not impose atypical and significant hardship to the ordinary incidents of prison life under *Sandin*). Furthermore, the Court notes that Plaintiff's complaint focuses on the threatened and not actual use of the spit hood. If the actual use of a bodily restraint for 24 hours or less does not violate the constitutional guarantees of due process, then neither does the threatened use of one. Accordingly, Plaintiff has failed to state a due process claim; Count 11 is **DISMISSED** with prejudice from the action.

## COUNT 12

Plaintiff states that after the alleged sexual assault described in Count 2, he contacted the Governor's office, prompting an internal investigation. In retaliation for that investigation, Plaintiff states that Defendant Martin wrote a false disciplinary report against him, and Defendants Ivy and Mitchell (on the adjustment committee) found Plaintiff guilty of the trumped-up charges, and disciplined him with loss of good conduct credit, time in segregation, demotion to c-grade, and

- 17 -

commissary restriction. The adjustment committee report was expunged on administrative appeal. (¶¶ 105-06.)

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Based on these legal standards and Plaintiff's allegations, Count 12 cannot be dismissed at this point in the litigation. Plaintiff may proceed against Defendants Martin, Ivy, and Mitchell on this count.

### COUNT 13

Plaintiff states that unspecified defendants violated due process by transferring him to Tamms, the state's highest security prison, without notice or a hearing. (¶¶ 107-08.)

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest

- 18 -

in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

However, the Supreme Court recently determined that state inmates have a liberty interest under the due process clause of the Fourteenth Amendment in avoiding placement at the state's "supermax" prison. *See Wilkinson v. Austin*, 545 U.S. 209 (2005). Based on *Wilkinson*, the Seventh Circuit determined that the conditions at Tamms, the Illinois "supermax" prison, may pose an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Westefer v. Snyder*, 422 F.3d 570, 589-90 (7th Cir. 2005) (finding that the differences between the conditions at Tamms and the conditions at the Ohio State Penitentiary (analyzed in *Wilkinson*) are not "so qualitatively different as to require a different characterization of the facility for purposes of due process analysis under *Wilkinson*").

Based on these recent opinions, Plaintiff has alleged facts which may be sufficient to state a cognizable due process claim. Plaintiff has failed to state a claim here, however, because he has not specified by name any defendant personally responsible for the transfer. Accordingly, Count

- 19 -

13 must be **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 14

Plaintiff states that Defendants Osman, Hosch, and Bonifield, improperly denied him photocopies so that he might file his federal complaint, in violation of his right of access to courts. (¶¶ 109-10.)

Plaintiff cannot seriously contend that he has been denied access to photocopies or that restrictions placed on his photocopying have violated his access to courts. At this point in the litigation–and the Court notes that the case is still in threshold status–Plaintiff has filed approximately **1,500 pages** of documents in the action. This fact belies any assertion that Plaintiff has been denied access to the courts. Accordingly, Count 14 is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A.

## COUNT 15

Plaintiff argues that the failure of the Department of Corrections to accommodate his mental illness to his satisfaction violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (¶¶ 116-19.)

The Supreme Court has held that the ADA applies to prisons. *See Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998). The Seventh Circuit has held, however, that claims under the ADA must be raised in state court, not in federal court. *Erickson v. Board of Governors for Northeastern Illinois University,* 207 F.3d 945 (7th Cir. 2000). *See also Stanley v. Litscher,* 213 F.3d 340 (7th Cir. 2000); *Stevens v. Illinois Department of Transportation,* 210 F.3d 732 (7th Cir. 2000). Therefore, Plaintiff's claims under the ADA, raised in Count 15, are **DISMISSED** without prejudice to his pursuing those claims in state court. *See* 28 U.S.C. § 1915A.

## COUNT 16

Plaintiff also argues that the Illinois Department of Corrections has violated the Rehabilitation Act by sending him to Tamms without providing him adequate mental health treatment, and in fact treating him so that his mental illness is exacerbated. Plaintiff states that he is a "qualified individual with a disability" under the Act. (¶¶ 120-23.)

The Seventh Circuit has found that the Rehabilitation Act applies to prisons, following the Supreme Court's reasoning in *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998) (the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., applies to prisons). *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000). Contrary to ADA claims, which must be pursued in state court, an individual plaintiff may pursue claims in federal court under the Rehabilitation Act.

> As for the Rehabilitation Act, 29 U.S.C. § 794: we agree with *Kilcullen v. New York State Department of Labor,* 205 F.3d 77, 79-80 (2d Cir. 2000), and *Garrett v. University of Alabama,* 193 F.3d 1214, 1218 (11th Cir. 1999), *cert. granted on a different issue,* --- U.S. ----, 120 S.Ct. 1669, 146 L.Ed.2d 479 (2000), that the ADA and the Rehabilitation Act are identical for purposes of § 5. But the Rehabilitation Act also is a condition on the receipt of federal funds, and legislation under the spending power is not affected by *Kimel [v. Florida Board of Regents,* 528 U.S. 62 (2000)]. *See Oak Park Board of Education v. Kelly E.*, 207 F.3d 931, 935 (7th Cir.2000). The Rehabilitation Act is no different in this respect from the IDEA, which *Oak Park* held adequate to support litigation against states in federal court. *Accord, Little Rock School District v. Mauney*, 183 F.3d 816, 831-32 (8th Cir. 1999). We therefore agree with the fourth, ninth, and eleventh circuits that the Rehabilitation Act is enforceable in federal court against recipients of federal largess. *Litman v. George Mason University*, 186 F.3d 544, 553 (4th Cir. 1999); *Clark v. California*, 123 F.3d 1267, 1271 (7th Cir. 1997); *Sandoval v. Hagan*, 197 F.3d 484, 493-94 (11th Cir. 1999).

*Stanley*, 213 F.3d at 344. Therefore, the only remaining threshold question is whether plaintiff is an "individual with a disability" as defined in 29 U.S.C. § 705(20).

Except as otherwise provided in subparagraph (B), the term "individual with a

- 21 -

disability" means any individual who–

(I) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment; and

(ii) can benefit in terms of an employment outcome from vocational rehabilitation services provided pursuant to subchapter I, III, or VI of this chapter [29 U.S.C.A. §§ 720 et seq., 771 et seq., or 795 et seq.].

29 U.S.C. § 705(20).

Plaintiff states that he is a qualified individual with a disability, and at this point in the litigation, the Court must take Plaintiff's allegation as true. Plaintiff's claim is flawed, however, because Plaintiff does not specifically name defendants who deprived him of the programs guaranteed in the Rehabilitation Act. Plaintiff states generally that the Illinois Department of Corrections deprived him, but that entity is not a named defendant in the action. Nowhere in the complaint does he name specific defendants responsible for deprivations under the Act. This failure to identify by name the individuals responsible for the deprivations dooms Plaintiff's claim. Accordingly, Count 16 is **DISMISSED** without prejudice to Plaintiff's amending the complaint to identify defendants by name. *See* 28 U.S.C. § 1915A.

### DISPOSITION

In summary, Plaintiff may proceed on Count 2 against Defendants Clover, Walton, Newell, Turner, Crippen, Sherrard, Plott, Hawkins, Blankenship, and Bennefield;[2] on Count 4 against Defendants Plott, Rice, Caliper, and Powers; on Count 6 against Defendants Smith, Massey,

---

[2]The Court notes that Plaintiff lists both a Robert Bennefield (¶27) and a Keith Bennefield (¶31) as defendants in the action. Throughout the statement of facts, however, Plaintiff states claims against only "Defendant Bennefield," without specifying which Bennefield Plaintiff intends to refer. Accordingly, the Court will allow Plaintiff to proceed against both Defendants Bennefield at this point in the litigation, however, Plaintiff must submit an amended complaint detailing which Defendant Bennefield is responsible for the various violations listed in the statement of facts.

Childers, Watkins, Hudson, Mason, Vicks, and Bernard; on Count 7 against Defendants Smith,

Bennefield, and Roper; on Count 8 against Defendants Simmons, Smith, Simpson, Bennefield, and

Roper; and on Count 12 against Defendants Martin, Ivy, and Mitchell. Counts 1, 3, 5, 9, 10, 11, 13,

14, 15, and 16 are **DISMISSED** from the action as specified above. All other named defendants are

also **DISMISSED** from the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a U.S.M.-285 form

for *Defendants Bennefield, Bernard, Blankenship, Caliper, Childers, Clover, Crippen, Hawkins,*

*Hudson, Ivy, Martin, Mason, Massey, Mitchell, Newell, Plott, Powers, Rice, Roper, Sherrard,*

*Simmons, Simpson, Smith, Turner, Vicks, Walton, and Watkins* within **THIRTY (30) DAYS** of

the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **30**

U.S.M.-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that**

**service will not be made on a defendant until Plaintiff submits a properly completed USM-285**

**form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Bennefield,*

*Bernard, Blankenship, Caliper, Childers, Clover, Crippen, Hawkins, Hudson, Ivy, Martin, Mason,*

*Massey, Mitchell, Newell, Plott, Powers, Rice, Roper, Sherrard, Simmons, Simpson, Smith,*

*Turner, Vicks, Walton, and Watkins* . The Clerk shall forward those forms, USM-285 forms

submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for

service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on *Defendants Bennefield, Bernard, Blankenship, Caliper,*

- 23 -

*Childers, Clover, Crippen, Hawkins, Hudson, Ivy, Martin, Mason, Massey, Mitchell, Newell, Plott, Powers, Rice, Roper, Sherrard, Simmons, Simpson, Smith, Turner, Vicks, Walton, and Watkins* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from ADDUCE pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting

- 24 -

service on said defendant. Said costs shall be enumerated on the U.S.M.-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new U.S.M.-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

### PENDING MOTIONS

Currently pending before the Court are Plaintiff's motions to supplement the complaint (Doc.

- 25 -

30), for direction from the court (Doc. 33), and for preliminary injunction and a temporary restraining order (Doc. 34).

### *Motion to Supplement*

Plaintiff asks that the court grant him leave to file additional exhibits in the case. This request (Doc. 30) is **GRANTED**. The Clerk is **DIRECTED** to file the proposed supplements.

### *Motion for Direction*

Plaintiff asks for direction regarding his motion for appointment of counsel. The motion (Doc. 33) is **GRANTED,** and the Court offers the following. Plaintiff's initial motion for appointment of counsel was denied without prejudice. Plaintiff may renew his request for appointment of counsel after defendants have been served.

### *Motion for Preliminary Injunction*

Plaintiff requests a preliminary injunction in the action. In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Based on the allegations in the complaint and motion, the Court is of the opinion that an

injunction should not issue in this matter at this time.  Accordingly, the request for temporary

injunctive relief (Doc. 34) is **DENIED**.

### *Motion for Temporary Restraining Order*

Plaintiff seeks issuance of a temporary restraining order (TRO), which is an order issued

without notice to the party to be enjoined that may last no more than ten days.  A TRO may issue

without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the
> verified complaint that immediate and irreparable injury, loss, or damage will result
> to the applicant before the adverse party or that party's attorney can be heard in
> opposition, and (2) the applicant's attorney certifies to the court in writing the
> efforts, if any, which have been made to give the notice and the reasons supporting
> the claim that notice should not be required.

FED.R.CIV.P. 65(b).  Without expressing any opinion on the merits of any other of Plaintiff's claims

for relief, the Court is of the opinion that a TRO should not issue in this matter.  Plaintiff's

allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable

harm *before Defendants can be heard*.

Moreover, federal courts must exercise equitable restraint in when asked to take over the

administration of a prison, something that is best left to correctional officials and their staff.

Accordingly, the request for issuance of a temporary restraining order (Doc. 34) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:_____**


_____
**DISTRICT JUDGE**


- 27 -

# Exhibit F

CAA, CASREF, CJRA_A, FILE_CREATED

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:05-cv-00594-MJR-DGW

White v. Hinsley et al
Assigned to: Judge Michael J. Reagan
Referred to: Magistrate Judge Donald G. Wilkerson
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/11/2006
Jury Demand: Both
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Donnie D White**                    represented by   **Donnie D White**
                                                        B31317
                                                        TAMMS CORRECTIONAL CENTER
                                                        200 East Supermax Road
                                                        P.O. Box 2000
                                                        Tamms, IL 62988
                                                        PRO SE

V.

**Defendant**

**Charles L Hinsley**
*TERMINATED: 02/26/2007*

**Defendant**

**Robert S. Frey**
*TERMINATED: 02/26/2007*

**Defendant**

**Shannon Jackson**
*TERMINATED: 02/26/2007*

**Defendant**

**Eddie Jones**
*TERMINATED: 02/26/2007*

**Defendant**

**Charles Roper**                     represented by   **Eric J. Rieckenberg**
                                                        Clendenin and Rickenberg, LLP
                                                        165 West Broadway
                                                        P.O. Box 315
                                                        Sparta, IL 62286

618-443-2148
Email: erieckenberg@verizon.net
*TERMINATED: 06/29/2007*
*LEAD ATTORNEY*

**Heidi Hildebrand**
Illinois Attorney General's Office -
Springfield
Generally Admitted
500 South Second Street
Springfield, IL 62706
217-782-9029
Fax: 217-782-7046
Email: hhildebrand@atg.state.il.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Branch**
*TERMINATED: 02/26/2007*

**Defendant**

**Michael Turner**                    represented by    **Eric J. Rieckenberg**
                                                        (See above for address)
                                                        *TERMINATED: 06/29/2007*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Heidi Hildebrand**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Harold Griffin, Jr**
*TERMINATED: 02/26/2007*

**Defendant**

**Robert Bennefield**                 represented by    **Eric J. Rieckenberg**
                                                        (See above for address)
                                                        *TERMINATED: 06/29/2007*
                                                        *LEAD ATTORNEY*

                                                        **Heidi Hildebrand**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Maxine Montgomery**

*TERMINATED: 02/26/2007*

**Defendant**

**John Sherrod**                    represented by  **Eric J. Rieckenberg**
                                                     (See above for address)
                                                     *TERMINATED: 06/29/2007*
                                                     *LEAD ATTORNEY*

                                                     **Heidi Hildebrand**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Keith R Bennefield**              represented by  **Eric J. Rieckenberg**
                                                     (See above for address)
                                                     *TERMINATED: 06/29/2007*
                                                     *LEAD ATTORNEY*

                                                     **Heidi Hildebrand**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Blankenship**             represented by  **Heidi Hildebrand**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Newell**                   represented by  **Eric J. Rieckenberg**
                                                     (See above for address)
                                                     *TERMINATED: 06/29/2007*
                                                     *LEAD ATTORNEY*

                                                     **Heidi Hildebrand**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Eric Plott**                      represented by  **Eric J. Rieckenberg**
                                                     (See above for address)
                                                     *TERMINATED: 06/29/2007*
                                                     *LEAD ATTORNEY*

                                                     **Heidi Hildebrand**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael R Hawkins**      represented by   **Eric J. Rieckenberg**
(See above for address)
*TERMINATED: 06/29/2007*
*LEAD ATTORNEY*

**Heidi Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Smith**      represented by   **Heidi Hildebrand**
Illinois Attorney General's Office -
Springfield
500 South Second Street
Springfield, IL 62706
217-782-9029
Fax: 217-782-7046
Email: hhildebrand@atg.state.il.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**James Childers**      represented by   **Heidi Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**James Watkins**      represented by   **Eric J. Rieckenberg**
(See above for address)
*TERMINATED: 06/29/2007*
*LEAD ATTORNEY*

**Heidi Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Douglas Mason**      represented by   **Eric J. Rieckenberg**
(See above for address)
*TERMINATED: 06/29/2007*
*LEAD ATTORNEY*

**Heidi Hildebrand**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gene Simpson**                     represented by **Eric J. Rieckenberg**
                                     (See above for address)
                                     *TERMINATED: 06/29/2007*
                                     *LEAD ATTORNEY*

                                     **Heidi Hildebrand**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Bernard Vicks**
*TERMINATED: 03/26/2008*

**Defendant**

**Michael Hudson**                   represented by **Eric J. Rieckenberg**
                                     (See above for address)
                                     *TERMINATED: 06/29/2007*
                                     *LEAD ATTORNEY*

                                     **Heidi Hildebrand**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Massey**

**Defendant**

**Frank Rice**                       represented by **Heidi Hildebrand**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Kenton R Martin**                  represented by **Eric J. Rieckenberg**
                                     (See above for address)
                                     *TERMINATED: 06/29/2007*
                                     *LEAD ATTORNEY*

                                     **Heidi Hildebrand**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Yolanda M Ivory**                     represented by   **Eric J. Rieckenberg**
                                                         (See above for address)
                                                         *TERMINATED: 06/29/2007*
                                                         *LEAD ATTORNEY*

                                                         **Heidi Hildebrand**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**Connie Houston**
*TERMINATED: 02/26/2007*

**Defendant**
**Bryant Ellis**
*TERMINATED: 02/26/2007*

**Defendant**
**Jamie Miller**
*TERMINATED: 02/26/2007*

**Defendant**
**Terry Caliper**                       represented by   **Eric J. Rieckenberg**
                                                         (See above for address)
                                                         *TERMINATED: 06/29/2007*
                                                         *LEAD ATTORNEY*

                                                         **Heidi Hildebrand**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**Marvin Powers**                       represented by   **David M. Walter**
                                                         Heyl, Royster, Voelker & Allen
                                                         Suite 575 National City Center
                                                         P. O. Box 1687
                                                         Springfield, IL 62705
                                                         217-522-8822
                                                         Fax: 217-523-3902
                                                         Email: dwalter@hrva.com
                                                         *LEAD ATTORNEY*

                                                         **Theresa M. Powell**
                                                         Heyl, Royster et al. - Springfield
                                                         Generally Admitted
                                                         National City Center
                                                         Suite 575, P.O. Box 1687
                                                         Springfield, IL 62705

                                                    217-522-8822
                                                    Email: tpowell@hrva.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Simmons**

**Defendant**

**Carol Allen**
*TERMINATED: 02/26/2007*

**Defendant**

**India Walker**
*TERMINATED: 02/26/2007*

**Defendant**

**Twyla Walton**                     represented by   **David M. Walter**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Mary Rollins-Hill**
*TERMINATED: 02/26/2007*

**Defendant**

**Lynn Nance**
*TERMINATED: 02/26/2007*

**Defendant**

**Rebecca Fornear**
*TERMINATED: 02/26/2007*

**Defendant**

**Rakesha Chandra**
*TERMINATED: 02/26/2007*

**Defendant**

**Kelly A Rhodes**
*TERMINATED: 02/26/2007*

**Defendant**

**Cheryl Couch**
*TERMINATED: 02/26/2007*

**Defendant**

**Katherine Clover**                 represented by   **David M. Walter**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*

CM/ECF - U.S. District Court:ilsd

*ATTORNEY TO BE NOTICED*

**Theresa M. Powell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jill Stevens**
*TERMINATED: 02/26/2007*

**Defendant**

**Rocky R Peppers**
*TERMINATED: 02/26/2007*

**Defendant**

**Kristin D Kwasneiwski**
*TERMINATED: 02/26/2007*

**Defendant**

**Dr. Alderidge**
*TERMINATED: 02/26/2007*

**Defendant**

**Geneva E. Bonifield**
*TERMINATED: 02/26/2007*

**Defendant**

**Randy K. Clark**
*TERMINATED: 02/26/2007*

**Defendant**

**Willard Elyea**
*TERMINATED: 02/26/2007*

**Defendant**

**Salvador Godinez**
*TERMINATED: 02/26/2007*

**Defendant**

**Dennis Hopkins**
*TERMINATED: 02/26/2007*

**Defendant**

**Joanna K Hosch**
*TERMINATED: 02/26/2007*

**Defendant**

**Claudia Leslie**

*TERMINATED: 02/26/2007*

**Defendant**

**Marilyn Merton**
*TERMINATED: 02/26/2007*

**Defendant**

**David K. Mitchell**                    represented by    **Eric J. Rieckenberg**
                                                          (See above for address)
                                                          *TERMINATED: 06/29/2007*
                                                          *LEAD ATTORNEY*

                                                          **Heidi Hildebrand**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Amy Ray**
*TERMINATED: 02/26/2007*

**Defendant**

**Donna Swink**
*TERMINATED: 02/26/2007*

**Defendant**

**Tomaosman**
*TERMINATED: 02/26/2007*

**Defendant**

**Roger E Walker, Jr**
*TERMINATED: 02/26/2007*

**Defendant**

**Stacey Williamson**
*TERMINATED: 02/26/2007*

**Defendant**

**Harold Crippen**                       represented by    **Eric J. Rieckenberg**
*Lieutenant*                                              (See above for address)
                                                          *TERMINATED: 06/29/2007*
                                                          *LEAD ATTORNEY*

                                                          **Heidi Hildebrand**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**C/O Bernard**    represented by    **Eric J. Rieckenberg**
(See above for address)
*TERMINATED: 06/29/2007*
*LEAD ATTORNEY*

**Heidi Hildebrand**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**C/O Vicks**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/15/2005 | 1 | COMPLAINT against all defendants , filed by Donnie E White. (Attachments: # 1 Complaint, pages 14-20; # 2 Complaint, pages 21-40; # 3 Complaint, pages 41-58; # 4 Attachments - pages 1-15; # 5 Attachments - pages 16-30; # 6 Attachments - pages 31-45; # 7 Attachments - pages 46-57; # 8 Attachments - pages 58-73; # 9 Attachments - pages 74-88; # 10 Attachments - pages 89-103; # 11 Attachments - pages 104-119; # 12 Attachments - pages 120-134; # 13 Attachments - pages 135-154; # 14 Attachments - pages 155-174; # 15 Attachments - pages 175-189; # 16 Attachments - pages 190-213; # 17 Attachments - pages 214-233; # 18 Attachments - pages 234-253; # 19 Attachments - pages 254 to end)(jao) (Entered: 08/24/2005) |
| 08/15/2005 | 2 | MOTION for Leave to Proceed in forma pauperis by Donnie E White. (jao) (Entered: 08/24/2005) |
| 08/24/2005 | 3 | Letter from USDC to Plaintiff informing same of case number. (jao) (Entered: 08/24/2005) |
| 08/26/2005 | 4 | ORDER Directing Monthly Payments be made from Prison Account of Donnie E. White, granting 2 MOTION for Leave to Proceed in forma pauperis filed by Donnie E White. IPFF waived. Signed by Judge Michael J. Reagan on 8/26/05. (hbs) (Entered: 08/26/2005) |
| 09/12/2005 | 5 | Letter of Mercy to the Court from Donnie D. White (tjh) (Entered: 09/13/2005) |
| 09/12/2005 | 6 | MOTION for Correction of Clerical Errors by Donnie E White. (tjh) (Entered: 09/13/2005) |
| 09/20/2005 | 7 | MOTION to Appoint Counsel by Donnie E White. (myz ) (Entered: 09/27/2005) |
| 09/20/2005 | 8 | MEMORANDUM in Support re 7 MOTION to Appoint Counsel filed by Donnie E White. (Attachments: # 1 Exhibit Pages 1-10, # 2 Exhibit Pages 11-20, # 3 Exhibit Pages 21-30, # 4 Exhibit Pages 31-40, # 5 Exhibit Pages 41-50, # 6 Exhibit Pages 51-60, # 7 Exhibit Pages 61-70, # 8 Exhibit Pages 71-84)(myz ) (Entered: 09/27/2005) |
|  |  |  |

| | | for Reconsideration filed by Donnie D White, DENYING 134 MOTION for Default Judgment as to filed by Donnie D White, DENYING 122 MOTION for Order to filed by Donnie D White. Signed by Magistrate Judge Donald G. Wilkerson on 3/26/2008. (jrw) (Entered: 03/26/2008) |
|---|---|---|
| 04/03/2008 | 188 | Entry Stricken: SUMMONS Returned Executed as to Michael Smith served on 1/23/2008, answer due 2/12/2008. (trb) (Entered: 04/08/2008) |
| 04/03/2008 | 190 | SUMMONS Returned Executed as to Micheal Smith. (trb) (Entered: 04/09/2008) |
| 04/09/2008 | 189 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 188 Summons Returned Executed . See attached document for specifics (trb) (Entered: 04/09/2008) |
| 04/09/2008 | 191 | MOTION for Reconsideration re 187 Order, Terminate Motions, by Donnie D White. (trb) (Entered: 04/10/2008) |
| 04/09/2008 | 192 | MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction by Donnie D White. (trb) (Entered: 04/10/2008) |
| 04/14/2008 | 193 | RESPONSE to Motion re 192 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction *in Pending Case* filed by Marvin Powers, Twyla Walton, Katherine Clover. (Walter, David) (Entered: 04/14/2008) |
| 04/15/2008 | 194 | MOTION for Leave to File *Answer Instanter* by Michael Smith. (Hildebrand, Heidi) (Entered: 04/15/2008) |
| 04/17/2008 | 195 | ORDER as to Donnie D. White: On April 7, 2008, the Court received a letter from Defendant White (addressed to the undersigned Judge and not copied to counsel of record). It is improper for the Court to communicate on an ex parte basis with litigants or attorneys. Accordingly, the Court takes no action on White's letter other than to DIRECT THE CLERK'S OFFICE to return the letter to White with a copy of this Order. Signed by Judge Michael J. Reagan on 4/17/08. (caa) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/17/2008) |
| 04/21/2008 | 196 | MOTION to Adopt by Michael Smith. (Hildebrand, Heidi) (Entered: 04/21/2008) |
| 05/01/2008 | 197 | Summons Issued as to Massey, C/O Vicks. (lmb) (Entered: 05/01/2008) |
| 05/01/2008 | 198 | USM-285s along with service packets for Defendants C/O Vicks and C/O Massey sent to US Marshal for service (lmb) (Entered: 05/02/2008) |
| 05/01/2008 | 199 | REQUEST for Admissions directed to Michael Smith by Donnie D White. (lmb) (Entered: 05/02/2008) |
| 05/02/2008 | 200 | EXHIBITS by Donnie D White. Exhibit to 192 Motion for TRO, Motion for Preliminary Injunction. (Attachments: # 1 Exhibits 1 through 10, # 2 Exhibits 11 through 13)(lmb) (Entered: 05/02/2008) |
| 05/09/2008 | 201 | MOTION to Adopt *Motion to Stay* by Michael Smith. (Hildebrand, Heidi) (Entered: 05/09/2008) |

| 05/09/2008 | 202 | DOCUMENT STRICKEN -- OBJECTION to 199 Request for Admissions by Michael Smith. (Rupcich, Joseph) Modified on 5/12/2008 (car). (Entered: 05/09/2008) |
| 05/09/2008 | 203 | RESPONSE in Opposition re 192 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by Robert Bennefield, John Sherrod, Keith R Bennefield, Charles Blankenship, Robert Newell, David K. Mitchell, Eric Plott, Harold Crippen, Michael R Hawkins, C/O Bernard, Michael Smith, James Childers, James Watkins, Douglas Mason, Gene Simpson, Michael Hudson, Frank Rice, Kenton R Martin, Yolanda M Ivory, Terry Caliper, Charles Roper, Michael Turner. (Hildebrand, Heidi) (Entered: 05/09/2008) |
| 05/12/2008 | 204 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 202 Objection filed by Michael Smith. See attached document for specifics (car) (Entered: 05/12/2008) |
| 05/12/2008 | 205 | OBJECTION to 199 Request for Admissions by Michael Smith. (Hildebrand, Heidi) (Entered: 05/12/2008) |
| 05/12/2008 | 206 | REPLY to Defendant's Response to Motion re 192 MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction filed by Donnie D White. (car) (Entered: 05/15/2008) |
| 05/22/2008 | 207 | MOTION for Sanctions, MOTION to Compel Defendant to Produce Discovery by Donnie D White. (lmb) (Entered: 05/22/2008) |
| 05/23/2008 | 208 | FURTHER REPLY to Response to Motion re 192 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by Donnie D White. (Attachment: # 1 Exhibits)(dmw) (Entered: 05/23/2008) |

# Exhibit G

11'30

E-FILED
Tuesday, 20 November, 2007  09:04:19 AM
Clerk, U.S. District Court, ILCD

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

**FILED**

NOV 1 9 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| **Plaintiff** | ) | |
| DONNIE D. WHITE B31317 | ) | |
|  | ) | |
|  | ) | |
| **vs.** | ) | Case No. 07-1311 |
| EDDIE JONES; BLACKARD; MICHEAL MELVIN; MICHEAL | ) | |
| EATON; SAMPSON; BENNY DALLAS; GARY KUHSE; TODD; TANG | ) | **The case # will be assigned by the clerk)** |
| ERMAN; MCBARNEY; CHARLES ROPER; DUBOIS; DOUGLAS | ) | |
| MASON; RICHARD STUART; KEMP; MICHEAL TURNER; **Defendant(s)** | ) | |
| J. BUNDREN; BRENT HUNSAKER; et al sued IN THEIR | ) | |
| OFFICIAL CAPACITY; BONNIE SULLIVAN sued in her | ) | |
| PERSONAL AND INDIVIDUAL CAPACITY. | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |

*(List the full name of ALL plaintiffs and defendants in the caption above.  If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known.  This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action*

---

*\*Please refer to the instructions when filling out this complaint.  Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint.  This is not the form to file a habeas corpus petition.*

*(against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

✈ **42 U.S.C. §1983 (state, county or municipal defendants)**

☐ **Action under** *Bivens v. Six Unknown Federal Narcotics Agents*, **403 U.S. 388 (1971)(federal defendants)**

✈ **Other federal law:** <u>COMPLAINT UNDER CIVIL RIGHTS OF INSTITUTIONALIZED PERSONS ACT</u>
<u>42 USC §1997</u>

☐ **Unknown** _____

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

**A. Plaintiff:**

Full Name: <u>DONNIE D. WHITE</u>

Prison Identification Number: <u>B-31317</u>

Current address: <u>TAMMS CORRECTIONAL CENTER</u>
<u>200 E. SUPER MAX RD, POB 2000</u>
<u>TAMMS ILLINOIS 62988</u>

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

**B. Defendants**

Defendant #1:

Full Name: <u>EDDIE JONES</u>

Current Job Title: <u>CORRECTIONAL WARDEN</u>

2

Current Work Address _PONTIAC CORRECTIONAL CENTER_
_POB 99_
_PONTIAC ILL 61764-0099_

**Defendant #2:**

Full Name: _MICHEAL MELVIN_

Current Job Title: _CORRECTIONAL SUPERINTENDENT_

Current Work Address _PONTIAC CORRECTIONAL CENTER_
_POB 99_
_PONTIAC ILL. 61764-0099_

**Defendant #3:**

Full Name: _M.J. BLACKARD_

Current Job Title: _CORRECTIONAL MAJOR_

Current Work Address _PONTIAC CORRECTIONAL CENTER_
_POB 99_
_PONTIAC ILL 61764-0099_

**Defendant #4:**

Full Name: _MICHEAL EATON_

Current Job Title: _CORRECTIONAL SARGEANT_

Current Work Address _PONTIAC CORRECTIONAL CENTER_
_POB 99_
_PONTIAC ILL. 61764-0099_

**Defendant #5:**

Full Name: _L.T SAMPSON_

Current Job Title: _CORRECTIONAL LIEUTENANT_

Current Work Address _PONTIAC CORRECTIONAL CENTER_
_POB 99_
_PONTIAC ILL 61764-0099_

*For additional defendants, provide the information in the same format as above on a separate page.*

3

DEFENDANT #6

FULL NAME: BENNY DALLAS

CURRENT JOB TITLE: CORRECTIONAL LIEUTENANT

CURRENT WORK ADDRESS: PONTIAC CORRECTIONAL CENTER POB 99 PONTIAC ICL 61764-0099


DEFENDANT #7

FULL NAME: GARY KUHSE

CURRENT JOB TITLE: CORRECTIONAL SARGEANT

CURRENT WORK ADDRESS: PONTIAC CORRECTIONAL CENTER POB 99 PONTIAC ILL 61764-0099


DEFENDANT #8

FULL NAME: L.T TODD

CURRENT JOB TITLE: CORRECTIONAL LIEUTENANT

CURRENT WORK ADDRESS: PONTIAC CORRECTIONAL CENTER POB 99 PONTIAC ILL 61764-0099


DEFENDANT #9

FULL NAME: C/O TANGERMAN

CURRENT JOB TITLE: CORRECTIONAL OFFICER

CURRENT WORK ADDRESS: PONTIAC CORRECTIONAL CENTER POB 99 PONTIAC ILL 61764-0099


DEFENDANT #10

FULL NAME: C/O MC BARNEY

CURRENT JOB TITLE: CORRECTIONAL OFFICER

CURRENT WORK ADDRESS: PONTIAC CORRECTIONAL CENTER POB 99 PONTIAC ILL 61764-0099


DEFENDANT #11

FULL NAME: CHARLES ROPER

CURRENT JOB TITLE: CORRECTIONAL MAJOR

CURRENT WORK ADDRESS: TAMMS CORRECTIONAL CENTER 200 E SUPERMAX RD POB 400 TAMMS ILL 62988

DEFENDANT #12

FULL NAME: L.T DUBOIS

CURRENT JOB TITLE: CORRECTIONAL LIEUTENANT

CURRENT WORK ADDRESS: TAMMS CORRECTIONAL CENTER 200 E SUPERMAX RD POB 400 TAMMS ILL 62988

DEFENDANT #13

FULL NAME: DOUGLAS MASON

CURRENT JOB TITLE: CORRECTIONAL OFFICER

CURRENT WORK ADDRESS: TAMMS CORRECTIONAL CENTER 200 E SUPERMAX RD POB 200 TAMMS ILL 62988

DEFENDANT #14

FULL NAME: RICHARD STAURT

CURRENT JOB TITLE: CORRECTIONAL OFFICER

CURRENT WORK ADDRESS: TAMMS CORRECTIONAL CENTER 200 E SUPERMAX RD POB 400 TAMMS ILL 62988

DEFENDANT #15

FULL NAME: C/O KEMP

CURRENT JOB TITLE: CORRECTIONAL OFFICER

CURRENT WORK ADDRESS: TAMMS CORRECTIONAL CENTER 200 E SUPERMAX RD POB 400 TAMMS ILL 62988

DEFENDANT #16

FULL NAME: J. BUNDREN

CURRENT JOB TITLE: CORRECTIONAL OFFICER

CURRENT WORK ADDRESS: TAMMS CORRECTIONAL CENTER 200 E SUPERMAX RD POB 400 TAMMS ILL 62988

DEFENDANT #17

FULL NAME: BRENT HUNSAKER

CURRENT JOB TITLE: CORRECTIONAL OFFICER

CURRENT WORK ADDRESS: TAMMS CORRECTIONAL CENTER 200 E SUPERMAX RD POB 400 TAMMS ILL 62988

DEFENDANT #18

FULL NAME: BONNIE SULLIVAN

CURRENT JOB TITLE: DIETARY MANAGER, CORRECTIONAL

CURRENT WORK ADDRESS: TAMMS CORRECTIONAL CENTER 200 E SUPERMAX RD POB 400 TAMMS IL 62988

DEFENDANT #19

FULL NAME: MICHEAL TURNER

CURRENT JOB TITLE: CORRECTIONAL LIEUTENANT

CURRENT WORK ADDRESS: TAMMS CORRECTIONAL CENTER 200 E SUPERMAX RD POB 400 TAMMS IL 62988

### III.  LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

**A.  Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?**          Yes ☐          No ☒

If yes, please describe _____N/A_____

_____N/A_____

**B.  Have you brought any other lawsuits in federal court while incarcerated?**

Yes ☒          No ☐

**C.  If your answer to B is yes, how many? __6__  Describe the lawsuit(s) below.**

    1.  **Name of Case, Court and Docket Number**
    ___WHITE-V-BRILEY etal 03C5586 ;  N-DIST. ILL EASTERN DIVISION___

    2.  **Basic claim made** ___8th & 14th_____

    3.  **Disposition (That is, how did the case end?  Was the case dismissed?  Was it appealed?  Is it still**

pending?) ___DISMISSED 12-08-03 REFILED IN 2004 STILL PENDING_____

*For additional cases, provide the above information in the same format on a separate page.*

### IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court*

4

( OVER ON BACK )

1. NAME OF CASE, COURT AND DOCKET NUMBER:

WHITE V- ANSLEY et al  05C994  S-DIST ILL. EAST SAINT LOUIS

2. BASIC CLAIM MADE : 1st; 8th; 14th

3. DISPOSITION : STILL PENDING

1. NAME OF CASE, COURT AND DOCKET NUMBER:

WHITE-V-STIGLER etal 04C4946; N-DIST ILL EASTER DIVISION

2. BASIC CLAIM MADE: 8th & 14th

3. DISPOSITION:

VOLUNTARILY DISMISSED IN JUN 2005

1. NAME OF CASE, COURT AND DOCKET NUMBER:

WHITE V-BUTE etal 00C1116; C-DIST. PEORIA-DIVISION

2. BASIC CLAIM MADE: 8th & 14th

3. DISPOSITION:

DISMISSED IN MAY 2001 COUNTED AS (1)ONE STRIKE OF THE THREE STRIK CLAUSE

1. NAME OF CASE, COURT AND DOCKET NUMBER

WHITE-V-BRILEY etal 04C5112 N-DIST ILL EASTERN DIVISION

2. BASIC CLAIM MADE  1st, 8th, 14th

3. DISPOSITION: STILL PENDING

1. NAME OF CASE, COURT AND DOCKET NUMBER:

WHITE V-SYNDER etal 06C    N-DIST. ILL EASTERN DIVISION

2. BASIC CLAIM MADE: 1st; 8th; 14th

3. DISPOSITION: DISMISSED MAY 2006 COUNTED AS (1)ONE STRIKE OF THREE STRIKE CLAUSE

*in understanding your claim.*

**A.** Is there a grievance procedure available at your institution?   Yes ✦   No ☐

**B.** Have you filed a grievance concerning the facts relating to this complaint?

Yes ✦   No ☐

If your answer is no, explain why not _____ *N/A* _____

*N/A*

**C.** Is the grievance process completed?   Yes ✦   No ☐

SEE GRIEVANCE DATED 4-25-07

A.R.B SUMMARY DATED 7-30-07

ATTACHED HERETO ➝

## V.  STATEMENT OF CLAIM

**Place(s) of the occurrence** *TRANSFERRING TO PONTIAC CC AND AT PONTIAC CC*

**Date(s) of the occurrence** *APRIL 22, 2007 UP TO APRIL 25, 2007*

*State here briefly the FACTS that support your case.  Describe what each defendant did to violate your federal rights.  You do not need to give any legal arguments or cite cases or statutes.  Number each claim in a separate paragraph.  Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED.  Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

COUNT I

ON APRIL 22, 2007 PLAINTIFF WAS TRANSFERRED FROM TAMMS CORRECTIONAL CENTER TO GRAHAM CORRECTIONAL CENTER BY DEFENDANTS AVENS; MASON; KEMP; STRART TO BE HANDED OVER TO SORT TEAM OFFICERS TO BE TRANSPORTED TO PONTIAC CORRECTIONAL CENTER. PLAINTIFF LEFTED THE FACILITY APPROXIMATELY 7:45 AM AND DID NOT ARRIVE AT GRAHAM C.C.

## STATEMENT OF CLAIM

Place of the occurrence _____

Date of the occurrence _____

Witnesses to the occurrence _____

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved.*
*Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*
    THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.

UNTIL ABOUT 11:45 AM. PLAINTIFF HAD PREVIOUSLY INFORMED DEFENDANT ROPER THAT I

WAS TRANSFERRING OUT AND WOULD HE MAKE SURE TO INFORM DIETARY DEPT. DEFENDANT

B. SULLIVAN TO PREPARE MY WRIT-LUNCH MEAL.

PLAINTIFF SUFFERED RETILIATION DUE TO ON APRIL 10, 2007 DEFENDANTS ROPER AND MASON

AND TURNER ALL REFUSED TO FEED PLAINTIFF LUNCH WHILE ON A-COURTWRIT BECAUSE THEY HAD JUST

BEEN SERVED WITH A COPY OF PLAINTIFF'S LAWSUIT.

UPON ARRIVING AT GRAHAM AT APPROXIMATELY 11:45 AM PLAINTIFF WAS FURTHER DENIED

TO BE GIVEN A LUNCH MEAL AND WAS TOLD THAT I WOULD GET MY LUNCH WHEN I GET

TO PONTIAC CORR. CTR. IN WHICH WAS A LIE.

THESE ACTS DESCRIBED ABOVE CONSTITUTE RETILIATION IN VIOLATION OF PLAINTIFF'S 1st

AND 14th AMENDMENTS OF THE US CONSTITUTION DEFENDANTS TURNER; HUNSAKER; KEMP; MASON;
ROPER; SULLIVAN; DUBOIS; STUART; BUNDREN;

COUNT II

   UPON ARRIVAL AT PONTIAC CORR. CTR. PLAINTIFF WAS GREETED BY DEFENDANT EATON

WHOM PLAINTIFF INFORMED I HAVE NOT RECIEVED LUNCH. DEFENDANT EATON STATED "

TODAY'S YOUR LUCKY DAY BECAUSE YOU'RE GETTING FUCK WITH NO VASELINE" "HEY WHITE,

IT'S YOUR ANNIVERSARY" AND GUESS WHAT? "FUCK YOU AND LUNCH AND YOU'RE GOING TO MY CELL HOUSE SPECIALLY ESCORTED BY THE TACT TEAM." "SOMEONE YOU KNOW TOLD ME TO TELL YOU "HAPPY ANNIVERSARY", DICK HEAD.

PLAINTIFF WAS ESCORTED TO NINTH CELL HOUSE SEG-UNIT CELL #145 WHERE I WAS STRIPPED OF ALL MY CLOTHES AND LEGAL DOCUMENTS AND PLACED IN CELL #145 BUT NAKED AND THIS CELL HAD BLOOD, FECES, FOOD BACTERIA AND STRONG URINE SMELL COMING OUT. THE WALLS CEILING, DOOR, TOILET, SINK, BUNK AREA ALL WAS EXCESSIVELY SMEARED WITH BLOOD, FECES, AND OTHER WASTE MATERIALS.

PLAINTIFF STAY BUTT-NAKED HIS ENTIRE STAY OF (3) THREE DAYS IN PONTIAC CC WHILE ON HIS COURT WRIT AND ONLY RECEIVED CLOTHES ON 4-24-07 TO WEAR TO COURT AND BACK. PLAINTIFF WAS DENIED BREAKFAST, LUNCH, DINNER ON 4-22-07, 4-23-07, 4-24-07, 4-25-07 BREAKFAST & LUNCH UNTIL RETURNED BACK TO HIS FACILITY TAMMS CORR. CTR.. DEFENDANTS JONES; MELVIN; BLACKARD; EATON; KUHSE; DALLAS; SAMPSON; TODD; TANGER MAN; MCBARNEY ALL WAS INVOLVED IN MY CELL CONDITIONS AND DELIBERATELY INDIFF ERENCE TO MY PHYSICAL HEALTH & SAFETY AS A RETILIATORY ACT AUTHORIZED BY DEFENDANT ROPER TO SUBJECT PLAINTIFF TO THESE CRUEL CONDITIONS BECAUSE OF MY FILING MY LAWSUIT AGAINST HIM.

DEFENDANT ROPER WAS A WELL KNOWN CAPTAIN AT PONTIAC CORR. CTR. BEFORE HE WAS TRANSFERRED TO TAMMS CORR. CTR. IN 1998. SINCE THEN DEFENDANT ROPER STILL HAS STRONG TIES WITH PONTIAC CC STAFF BECAUSE HE GREW UP IN PONTIAC AND HIS FAMILY STILL LIVES IN PONTIAC AND HIS BROTHER WORKS AT PONTIAC CC AS A LIEUTENANT.

IN DESCRIBING THE ACTIONS OF ALL DEFENDANTS ROPER; EATON; TODD; TANGERMAN; MCBARNEY; JONES; MELVIN; KUHSE; DALLAS; BLACKARD; SAMPSON; ALL KNOW OF AN PARTI CIPATED IN SUCH UNUSUAL AND CRUEL CONDITIONS OF THE PLAINTIFF AND INTENTIONS WERE TO CAUSE HIM HARM VIOLATED PLAINTIFF 8th & 14th AMENDMENTS OF THE US CONSTITUT ION.

IN EXPOSING THE PLAINTIFF TO THE CONDITIONS AT PONTIAC, DEFENDANTS HAVE UNNECESS ARILY AND WANTONLY INFLICTED PAIN ON HIM.

COUNT-I
PLAINTIFF REALLEGES PARAGRAPHS 1-2 AS IF FULLY SET FORTH HEREIN.
IN DEMONSTRATING RETILIATION UPON THE PLAINTIFF AS DESCRIBED ABOVE, THE INDIVIDUAL DEFENDANTS VIOLATED THE RIGHTS OF PLAINTIFF TO FREE SPEECH, FREEDOM TO PETITION THE GOVER NMENT FOR REDRESS OF GRIEVANCES UNDER THE 1st AND 14th AMENDMENTS TO THE US CONSTIT UTION.

COUNT-II
PLAINTIFF REALLEGES PARAGRAPHS 1-2 AS IF FULLY SET FORTH HEREIN.
IN SUBJECTING PLAINTIFF TO THE UNCONSTITUTIONAL CONDITIONS DESCRIBED ABOVE, THE INDIVIDUAL DEFENDANTS VIOLATED THE RIGHTS OF PLAINTIFF TO BE FREE OF CRUEL

AND UNUSUAL PUNISHMENT UNDER THE 8th AND 14th AMENDMENTS OF THE US CON STITUTION

WHEREFORE, PLAINTIFF REQUESTS THIS COURT TO GRANT THE FOLLOWING RELIEFS:

A) DECLARE THAT THE ACTIONS AND INACTION OF DEFENDANTS DESCRIBED HEREIN HAVE VIO LATED AND CONTINUES TO VIOLATE THE PLAINTIFF RIGHTS UNDER THE 1st, 8th AND 14th AMENDMENTS TO THE U.S. CONSTITUTION

B) ENJOIN DEFENDANTS FROM ENGAGING IN ANY ACTION OR CONDUCT, OR FROM FAILING TO ACT IN ANY WAY THAT VIOLATES THE PLAINTIFFS ABOVE-MENTIONED RIGHTS

C) AWARD PLAINTIFF A JUDGMENT AGAINST DEFENDANTS SEPERATELY AND JOINTLY FOR COMPEN SATORY DAMAGES IN AN AMOUNT DEEMED PROPER BY THE FACT FINDER

D) AWARD PLAINTIFF A JUDGMENT AGAINST DEFENDANTS SEPERATELY AND JOINTLY FOR PUNIT IVE DAMAGES IN AN AMOUNT DEEMED PROPER BY THE FACT FINDER

E) AWARD PLAINTIFF A JUDGMENT AGAINST DEFENDANTS SEPERATELY AND JOINTLY FOR NOMI INAL DAMAGES IN AN AMOUNT DEEMED PROPER BY THE FACT FINDER

F) AWARD PLAINTIFF A JUDGMENT AGAINST DEFENDANTS SEPERATELY AND JOINTLY FOR ATTORNEY FEES AND COSTS

G) AWARD PLAINTIFF A JUDGMENT AGAINST DEFENDANTS SEPERATELY AND JOINTLY FOR ANY OTHER RELIEF THAT THE COURT DEEMS JUST AND PROPER

MR. WHITE REQUEST TRIAL BY BENCH

JURY DEMAND    YES ☐    NO ■

BENCH TRIAL    YES ■    NO ☐          RESPECTFULLY SUBMITTED,
                                      /S/ Donnie D. White
EXECUTED ON  11-11-2007              DONNIE D. WHITE B31317
                                      TAMMS CORR CTR
SIGN SUBSCRIBE AND SWORN TO BY        200 E SUPERMAX RD
CERTIFICATION PROVISIONS OF 735 ILCS  POB 2000
5/1-109 (WEST LAW 2007)               TAMMS ILL 62988

6