UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONNIE D. WHITE,
    Plaintiff,

vs.                                                07 CV 1311

EDDIE JONES, et. al.,
    Defendants.

Order

Before the court are the defendants, Stewart Adkins, Angun, Attig, Dustin Bayler, Bennett, Boase, Jason Chalkey, Cromie, Benny Dallas, Kevin DeLong, Edward Gerber, Ryan Hitchens, Mediris, Larry Meredith, Shawn Rosenberger, Sippel and Vinson's Motion for Summary Judgment [168], Plaintiff's Response [170] and Defendants' Reply [171].

Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 390 (7th Cir. 1999). Failure by the

1

non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## Background

Plaintiff, an inmate at Tamms Correctional Center, alleges, inter alia, that Defendants violated his constitutional rights while he was at Pontiac Correctional Center for three days for a court writ to the United States District Court for the Northern District. Specifically, he alleges that while he was held at Pontiac Correctional Center between April 22, 2007, and April 25, 2007, he was not given any food and that he was placed naked in a dirty cell without sheets or blankets, toilet paper or other hygiene items. He also alleges that he was deprived of his legal documents that he had brought with him for court, and that these actions were in retaliation for a lawsuit he had filed in the Southern District against staff at Tamms. Plaintiff claims he complained to each of the above-named Defendants, and that none of them did anything to help him.

## MATERIAL FACTS CLAIMED TO BE UNDISPUTED[1]

1. Plaintiff has been confined at Tamms since January 2003. (Defs.' Ex. A, at 93.)
2. Between April 22, 2007 through April 25, 2007, Plaintiff was housed at Pontiac Correctional Center, although his parent institution was Tamms Correctional Center. (Complaint.)
3. As part of a transfer to Chicago pursuant to a writ of habeas corpus ad testificandum, Plaintiff was temporarily confined at the North Cell House of Pontiac during the period from April 22 to 25, 2007. (Compl. ¶¶ 69, 100.)
4  Mr. White's 2006 confinement at Pontiac was also temporary, and may have been as brief as a single night. (Defs.' Ex. A, at 93.)
5  Before Plaintiff's April 2007 confinement at Pontiac, Plaintiff was housed at Pontiac on only one other occasion since 2003 -- in 2006. (Defs.' Ex. A, at 93.)

---

[1]The court finds that the plaintiff's additional material fact numbers 3 and 4 are immaterial as to the issue of exhaustion. Further, the court finds that the plaintiff's additional material facts numbers 3, 4, 5, 6, 9, 10, 11 and 12 are material.

2

6. Each Defendant who has moved for summary judgment was assigned to the North Cell House at some point during the period from April 22 to 25, 2007. (Pl.'s Ex. A, Pontiac Daily Rosters and Command Logs, April 22–25, 2007.)
7. At all times relevant to this case, each of the Defendants was employed at Pontiac Correctional Center. (Complaint.)
8. Mr. White does not know the names of many of the employees at Pontiac. (Defs. Ex. A, at 94.)
9. Plaintiff filed three grievances concerning the events of April 22, 2007, through April 25, 2007. (Deposition of Donnie White, p. 88-99, relevant pages of which are attached to defendants' motion as Ex. A.)
10. The first grievance, dated April 25, 2007, was filed as an emergency grievance. (Grievance attached to Ex. A as White Dep Ex. 0001-0004.)
11. After the warden's office determined that the allegations did not constitute an emergency, Plaintiff sent it to the counselor, and then to the grievance officer and warden's office, who denied the grievance. (White Dep. Ex. 0001.)
12. Plaintiff also sent a copy of this grievance directly to the Administrative Review Board. (White Dep. Ex. 0067-70.)
13. A third grievance filed by Plaintiff regarding the events of this writ is dated June 17, 2007. (White Dep. Ex. 5-6.)
14. Defendant Dallas is mentioned in the April 25, 2007 grievances. The remaining Defendants Adkins, Anglin, Attig, Baylor, Bennet, Boase, Chalkey, Cromie, DeLong, Gerber, Hitchens, Medearis, Meredith, Rosenberger, Sipple and Vinson are not mentioned in the Plaintiff's grievances. (Ex. A, p. 96-7; White Dep. Ex. 0001-0006, 0067-70.)
15. Although Plaintiff claims that some of the Defendants' names were not included because he did not know their names, Plaintiff also did not include any identifying information regarding these Defendants or indicate that he wanted to name other individuals but did not know their identifies[2]. (Ex. A, p. 92.) (White Dep. Ex. 0001-0006, 0067-70.)
16. Plaintiff concedes that the staff at Pontiac wears name tags. (Ex. A, p. 94.)
17. He also claims that some names were "inadvertently left out from speed writing." (Ex. A, p. 98.). He further claims that he did not include the remaining Defendants' names because he did not know their names at the time he filed the grievance. (Ex. A. p. 92)
18. The only efforts he made to identify the individuals whose identities he now claims he did not know at the time was (1) to ask a couple of inmates who were going to go to

---

[2]The plaintiff disputes this fact by asserting that "[a]lthough the grievance did not specifically name the remaining Defendants, the April 25, 2007 grievance states that it was aimed at all staff involved in the alleged incidents. The court has reviewed the April 25, 2007 grievance and find plaintiff did not make that specific statement. The court assumes the plaintiff is referring to a caption "All Pontiac Corr. Ctr. Staff Involved:" and then he list names of the staff. This is insufficient to find that his grievance states that it was aimed at all staff involved in the alleged incidents. A colon is used before a list. The plaintiff listed the staff members following his caption of "All Pontiac Corr. Ctr. Staff Involved:."

      Pontiac to find out who normally worked galleries one and three (Ex. A, p. 93.) and (2) request through discovery the rosters of the staff who were working in those galleries during the relevant period.  (Defts. Ex. A, at 93-94.)

19. The ARB denied Plaintiff's grievances. (White Dep. Ex. 0066, 72.)
20. On April 25, 2007, Plaintiff filed a grievance that specifically described the place, conditions, and time period of his confinement.  (Defs.' Ex. A, attached Grievance.)
21. On July 30, 2007, the Administrative Review Board rejected Plaintiff's grievance on the merits.  (Pl.'s Ex. B, Letter from White to ARB (July 30, 2007).)
22. Plaintiff did not know the names of many of the Pontiac officials involved in the incidents that occurred during April 22 to 25, 2007 because he was not regularly confined at Pontiac. (Defs.' Ex. A, at 93–94.)
23. Although the Pontiac officials wore name tags, Plaintiff claims he did not notice the names of the Defendants because of the conditions that he was enduring. (Defs.' Ex. A, at 94-95.)
24. Plaintiff attempted to learn the names of the Defendants after his return to Tamms. (Defs.' Ex. A, at 93-94.)
25. Plaintiff did not learn the names of Defendants Sippel, Chalkey, Adkins, Gerber, or Rosenberger until he received discovery in the instant case.  Defs.' Ex. A, at 96-97.)

Discussion and Conclusion

      Pursuant to the Prison Litigation Reform Act (PLRA") all prison inmates bringing an action under 42 U.S.C. 1983 with respect to prison conditions must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit.  42 U.S.C. 1997e(e).  Pursuit of administrative remedies is necessary no matter what relief the Plaintiff seeks, including monetary damages. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).  Section 1997e(e) makes exhaustion a precondition to filing suit.  *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).  In order to fully exhaust administrative remedies, inmates are required to file a grievance regarding an issue at the institutional level, receive a response from the Chief Administrative Officer of the institution ("Warden"), and if the Warden denies the grievance, appeal the denial to the Administrative Review Board ("ARB") within 30 days. 20 Ill. Admin. Code 504.850.  His grievance must be filed within 60 days of the incident, and it must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where and the name of each person who is the subject of the complaint.  20 Ill. Admin. Code 504.810(b).  An inmate who does not know the individual's identity may still file a grievance, but he must include as much descriptive information about them as possible.  *Id*.  If an inmate cannot prepare his grievance unaided he can request staff assistance.  20 Ill. Admin. Code 504.810(c).  Once a decision has been rendered at the institutional level, the inmate must appeal within 30 days any adverse result to the Director of the Department through the Administrative Review Board.  20 Ill. Admin. Code 504.850.  The inmate's administrative remedies are not exhausted until the appeal is ruled on by the Director through the Board.  *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

With the exception of Defendant Dallas, Plaintiff has failed to exhaust his administrative remedies against the above named defendants. Plaintiff alleges that the above-named Defendants were among the staff at Pontiac who violated his rights during a three-day stay there for a court writ in 2007. As an inmate, Plaintiff was required to grieve this issue against the Defendants. However, Plaintiff failed to do so. The court has reviewed the Plaintiff's grievances and he fails to identify Stewart Adkins,. Angun,. Attig, Dustin Bayler,. Bennett,. Boase, Jason Chalkey,. Cromie, Kevin DeLong, Edward Gerber, Ryan Hitchens, Mediris, Larry Meredith, Shawn Rosenberger, Sippel and Vinson by name or by description. Although Plaintiff claims that some of their names were left out because he didn't know them, the staff at Pontiac wore name tags, and Plaintiff made no serious effort to find out their identities. Plaintiff claims he did not notice the names of the Defendants because of the conditions that he was enduring. However, Plaintiff wrote his grievance when he returned to Tamms. He was no longer enduring the "conditions." He offers no reason why he did not provide a description of Stewart Adkins,. Angun,. Attig, Dustin Bayler,. Bennett,. Boase, Jason Chalkey,. Cromie, Kevin DeLong, Edward Gerber, Ryan Hitchens, Mediris, Larry Meredith, Shawn Rosenberger, Sippel and Vinson. Furthermore, this is not a case where Plaintiff would have to peel back layers of bureaucracy and match a disputed decision with the prison employee responsible for that decision. He is claiming these particular defendants violated his constitutional rights when they denied him meals, caused him to live in inhumane conditions of confinement, etc. If he actually complained to these Defendants about the prison conditions and denial of meals, then he should be able to at least describe them by position, physical description, etc. IDOC rules allowed Plaintiff to file a grievance against individuals whose identities he does not know; however he was required to include identifying information. Not only does Plaintiff not do this, he does not even indicate in his grievances that he intended to name other individuals whose identities he did not know. In fact, on page four of the April 25, 2007, grievance, Plaintiff states, "all Pontiac Corr. Ctr staff involved:" which he then follows with a list of 10 individuals. Nothing in the grievances suggests that Plaintiff intended to grieve any other Pontiac staff members. Because Plaintiff did not name or otherwise identify Stewart Adkins,. Angun,. Attig, Dustin Bayler,. Bennett,. Boase, Jason Chalkey,. Cromie, Kevin DeLong, Edward Gerber, Ryan Hitchens, Mediris, Larry Meredith, Shawn Rosenberger, Sippel and Vinson, he failed to exhaust his administrative remedies on his claims against them. Consequently, these Defendants are entitled to summary judgment in their favor.

It is therefore ordered:

1. Pursuant to 42 U.S.C. 1997e(e) and Fed. R. Civ. Pro. Rule 56(c), Defendants' motion [168] is granted as to Defendants, Stewart Adkins,. Angun, Attig, Dustin Bayler, Bennett, Boase, Jason Chalkey, Cromie, Kevin DeLong, Edward Gerber, Ryan Hitchens, Mediris, Larry Meredith, Shawn Rosenberger, Sippel and Vinson and denied as to Dallas. The clerk of the court is directed to terminate Defendants, Stewart Adkins, Angun, Attig, Dustin Bayler, Bennett, Boase, Jason Chalkey,. Cromie, Kevin DeLong, Edward Gerber, Ryan Hitchens, Mediris, Larry Meredith, Shawn Rosenberger, Sippel and Vinson, forthwith. The clerk of the court is directed to enter judgment in favor of Defendants, Stewart Adkins, Angun,. Attig, Dustin Bayler, Bennett,. Boase, Jason Chalkey, Cromie,

    Kevin DeLong, Edward Gerber, Ryan Hitchens, Mediris, Larry Meredith, Shawn Rosenberger, Sippel and Vinson <u>at the close of this case</u>.   The plaintiff may proceed against Defendant Dallas.
2. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 23rd day of September 2010.


                                   ___s/Harold A. Baker_____
                                      Harold A. Baker
                           United States District Court